## JACKSON, *alias* LYLES, *vs.* THE STATE OF GEORGIA.

1. An immaterial alteration in a paper, whereby no damage would accrue to any person, would not constitute the crime of forgery. The alteration would be entirely harmless, and the law presumes, under such circumstances, that the act was not done with intent to harm any one.

(*a.*) Therefore, where an order requested the drawee to pay for fifty-four pounds of lint cotton at eight and one-half cents per pound. and on the margin of the order were written the figures "54 lbs.," and the only charge in the indictment was that the figure 3 had been inserted before this marginal number, so that it should read "354 lbs.," such alteration did not change the value of the order, and could not injure any one; and the indictment was demurrable.

2. This court will take judicial notice of the names of all companies chartered by the legislature. Where an indictment charged that an order, directed to the treasurer of the "Eagle and Phœnix Manufacturing Columbus," was in the county of Muscogee altered, etc.; it was fatally defective, because there is no such company.

October 9, 1883.

Criminal Law. Indictment. Before Judge WILLIS. Muscogee Superior Court. November Adjourned Term, 1882.

Reported in the decision.

C. J. THORNTON, for plaintiff in error.

T. W. GRIMES, solicitor general, by J. M. McNEILL, for the state.

BLANDFORD, Justice.

The following bill of indictment was preferred against the plaintiff in error:

"The grand jurors * * * charge and accuse Peter Lyles, *alias* John Jackson, * * with the offence of forgery, for that the said Peter Lyles, *alias* John Jackson, on the 23d day of November, 1882, in the county aforesaid, then and there unlawfully, and with force and arms, falsely and fraudulently did alter and change and raise the following genuine order for money, to-wit:

" '54 lbs.

" 'G. Gunby Jordan, treas.:

'Pay John Jackson for fifty-four lbs. of lint cotton at 8½ per lb. Toll.

Columbus, Ga., Nov. 23, 1882.

Ginned remnant samples.                    E. L. DAVIDSON,

For the Company.'

"The same being then and there an order on the Eagle & Phenix Manufacturing Columbus, and G. Gunby Jordan being the treasurer thereof, and the said E. L. Davidson being in the employ of said company, so as to read,

" '354 lbs.

" 'G. Gunby Jordan, treas.,

'Pay John Jackson for fifty-four lbs. of lint cotton, at 8½ per lb. Toll.

Columbus, Ga., Nov. 23, 1882.

Ginned remnant samples.                    E. L. DAVIDSON,

For the Company.'

"With intent to defraud the said Eagle and Phenix Manufacturing Company, contrary," etc.

To this bill of indictment the defendant demurred, and moved to quash the same before arraignment, which demurrer and motion the court overruled, and defendant excepted, and this is assigned as error.

1. The only alteration of the paper or raising of the same shown in the indictment is that the number 54 in the margin was altered or raised to 354, by placing the figure 3 before the number 54. The body of the order remained the same, and was not altered in any particular. The placing the figure 3 before the number 54, so as to make the same read 354 lbs., in nowise altered the value of the order; it could not possibly have damaged the company; and it is well settled that an immaterial alteration of a paper such as this, whereby no damage would accrue to any person, would not constitute the crime of forgery. The alteration was entirely harmless, and the law presumes, under such circumstances, that the act was done with no intent to harm any one. Wharton's Am. Crim. Law, 2 vol., 308; 2 Bishop Crim. Proc. 169, and cases therein cited.

2. Again, the indictment is defective, because it charges that the order altered was directed to G. Gunby Jordan, treasurer of the Eagle and Phenix Manufacturing Columbus. There is no such company, and this court will take judicial notice of the names of all companies chartered by the legislature,—this being the Eagle and Phenix Manufacturing Company. So the court should have sustained the demurrer and quashed said indictment. The judgment is therefore, and on that account, reversed.

Judgment reversed.