### GRANT *v.* THE STATE.

The evidence authorized the verdict, and there was no error requiring the granting of a new trial.

Argued October 20, — Decided October 30, 1903.

Indictment for murder. Before Judge Spence. Decatur superior court. July 22, 1903.

*W. D. Sheffield* and *R. W. Fleming,* for plaintiff in error.

*John C. Hart, attorney-general,* and *W. E. Wooten, solicitor-general,* contra.

COBB, J. The accused was convicted of murder, and sentenced to death. His case is here upon a bill of exceptions assigning error upon the refusal of the judge to grant him a new trial. Evidence was offered of what purported to be a dying declaration of the deceased, and this was objected to upon the ground that the

preliminary showing made by the State for the introduction of the evidence was not sufficient, as it failed to disclose that the declarations were made when the deceased was in the article of death and conscious of his condition.    We do not think this exception is well taken.   The witness was the father of the deceased, and he testified that his son " called his wife and told her how to put him away.    That was the same day he died; it was that morning, and he died that night. . .   He told me he was going to die. . . No physician  had told him that he was going to die, that I know of. . . . Yes, sir, he was dying at the time that he made that statement; he had been dying all day. . . He said himself that he was dying."   We think this evidence was sufficient to authorize the admission of the dying declarations.

In one ground of the motion complaint is made because the court allowed a witness to testify:    " I said, Jim, did you have any weapon? and he (referring to the deceased) said ' No, sir, not a thing in the world; if I had a gun, I could have killed every last one of them.' "    The objection made to this evidence was, " because said evidence was inadmissible."   In *Seaboard Air-Line Ry.* v. *Phillips*, 117 *Ga.* 98, it was said:    " In passing upon a ground of a motion for a new trial, where a question is raised as to the admissibility of evidence, this court will, in order to determine whether the ruling is erroneous, look only to what is set forth in the ground itself, or exhibited to the motion, and distinctly referred to in the ground as a part thereof."    Applying this rule, we can not determine, when looking at the ground alone, whether the evidence was admissible or inadmissible, even if the objection that it was "inadmissible" constitutes a sufficient assignment of error.   It would seem that the assignment of error should set forth, not simply that the evidence was inadmissible, but should indicate what reasons were urged in the trial court why the evidence was inadmissible, so that this court could see what questions were passed on by that court.   It is argued in the brief that this evidence was inadmissible for the reason that dying declarations are confined to the cause of death and the identity of the slayer.   There is, however, nothing in the ground to indicate that what is therein set forth was a part of a dying declaration. We do not think that under established rules this ground of the motion can be considered.

Error is also assigned upon a portion of the charge of the judge wherein he instructed the jury, in substance, that if a witness had been successfully impeached in one of the modes prescribed by law, they would still have a right to believe him, provided his testimony was corroborated by the testimony of other witnesses whom they did believe. The effect of this charge was to instruct the jury that if a witness had been impeached and thereby rendered totally unworthy of credit, they might still believe him, if he was corroborated by other witnesses. The charge so interpreted is not at variance with the section of the code as construed by this court. See Civil Code, § 5295; *Smith* v. *State*, 109 *Ga.* 479; *Holston* v. *Southern Ry. Co.*, 116 *Ga.* 661. There being no special assignment of error upon the charge, the only question to be determined is whether the charge contained a proposition of sound law. See *Bullock* v. *State*, 115 *Ga.* 241, and cit. If the assignment of error had been that the charge was inapplicable because there was no testimony corroborating the impeached witness, the question would have been different. The evidence warranted the verdict, and there was no error requiring the granting of a new trial.          *Judgment affirmed. All the Justices concur.*