### 1575.   ORR *v.* THE STATE.

In the light of the evidence, there is no such error in the record as would justify a reversal of the judgment refusing a new trial.

Indictment for embezzlement, from Bibb superior court—Judge Whipple.   November 7, 1908.

Argued February 12,—Decided October 1, 1909.

*Olin J. Wimberly, Jesse C. Harris, Minter Wimberly, Reuben R. Arnold,* for plaintiff in error.   *Walter J. Grace, solicitor-general, William Brunson, T. S. Felder,* contra.

RUSSELL, J.   The Judges of this court individually and collectively have more than once during the last several months given careful study to the voluminous record involved in this case. As to the merits of the exceptions appearing in the record, the individual Judges hold such diverse views that it would be profitless to enter into any detailed discussion of the case or of the points involved.   All of us agree that, abstractly considered, one or more of the exceptions are well taken, though our views are diverse as

to which exception is meritorious; one of the Judges seeing error where the others do not, and vice versa. This state of mind has probably caused us to study the record even more carefully than we otherwise would have done. Nevertheless, all of us are agreed upon the proposition that none of the errors are of sufficient importance, in the light of the testimony, to justify a reversal. The finding was so fully demanded by the evidence that the errors complained of could not reasonably have affected the result, or at least should not have done so.

The defendant was convicted of embezzlement. His alleged criminal transactions ran through a long number of years. There are several instances clearly proved by the testimony, and not satisfactorily explained by the defendant, in which he took and used, for his own purposes and in an unwarranted manner, money belonging to the bank. The defendant probably expected when he used this money that he would repay it (and it may be that the jury was authorized to find that after the defendant severed his connection with the bank he did repay it by means of a settlement made) ; but, legally speaking, he was guilty of embezzlement. Indeed no impartial, unbiased legalist can read the testimony and the statement of the defendant without being convinced of two propositions: (1) that the defendant was guilty of embezzlement; and (2) that he probably did not fully realize, at the time the crime was being committed, that he was violating the law in this respect; and yet the two things are not inconsistent. While to constitute the offense of embezzlement there must be a criminal intent, still, where the money of the principal is entrusted to an agent and is knowingly used by the agent in violation of his duty, it is none the less embezzlement because he intended at the time to restore it. Metropolitan Life Ins. Co. *v.* Miller, 114 Ky. 754 (71 S. W. 921). There can not, of course, be embezzlement where there is no intent to defraud; but there are cases where one uses the money of another which he has no right to use, and thereby he appropriates it to his own *use;* from which a fraudulent intent will be inferred, and the act be branded an embezzlement. People *v.* Wadsworth, 63 Mich. 500. Though there is much in the record to palliate the defendant's offense, still, under the law as it is written, he is clearly guilty. *Jackson* v. *State,* 76 *Ga.* 551.

*Judgment affirmed.*