4662. RUCKER v. THE STATE.

1. To constitute the offense of larceny after trust, there must be a specific intent to fraudulently convert to the use of the bailee the property entrusted to him, or otherwise fraudulently dispose of the property. Culpable negligence can not be an ingredient of this crime.

2. There being no allegation in the indictment that the accused otherwise disposed of the property entrusted to him than by converting it to his own use, it was error to instruct the jury that they should convict the defendant if they found, from the evidence, that he had otherwise disposed of the property.
DECIDED APRIL 16, 1913.

Indictment for larceny after trust; from Hart superior court— Judge Meadow. January 4, 1913.

*A. G. & Julian McCurry,* for plaintiff in error.

*Thomas J. Brown, solicitor-general,* contra.

RUSSELL, J. 1. The defendant was convicted of the offense of larceny after trust. The indictment alleged that he was entrusted by one Chapman with a pair of single harness, of the value of $15, for the purpose of repairing the same, and that he unlawfully and fraudulently converted the harness to his own use, to the injury of said Chapman, and without paying him, on demand, the full value or market price of the harness. Several of the assignments of error are without merit; but two of the grounds of the

motion for a new trial require a reversal of the judgment refusing a new trial. The court charged the jury in the language of section 31 of the Penal Code, viz.: "A crime or misdemeanor shall consist in a violation of a public law, in the commission of which there shall be a union or joint operation of act and intention, or criminal negligence." In our judgment this section of the code was inapplicable so far as it relates to negligence; and it was naturally prejudicial by reason of the fact that the defendant in his own statement admitted that he had not used due care in looking after the safety of and guarding the harness while it was in his possession. Culpable negligence can not be an ingredient of the crime of larceny after trust. In defining crimes generally, they are classified into those in which there is a specific intent to do a specific act, and such offenses as the law attributes to culpable negligence. These two classes of crimes are entirely different and distinct. In larceny after trust there must be a specific intent on the part of the accused to convert to his own use the property of the bailor, or in some other way fraudulently dispose of the property with which he was entrusted, to the damage of the bailor. While, as was held in the case of *Morris Storage and Transfer Co.* v. *Wilkes,* 1 *Ga. App.* 751 (58 S. E. 232), it is the duty of the bailee to use all necessary care for the preservation of the bailment, and the failure to discharge this duty would impose a civil liability, it can not constitute a crime such as is involved in a conversion. Inasmuch as this case is a remarkably close one upon the facts, the jury should be limited to ascertain whether or not the accused converted the harness to his own use. The question as to whether he may have been negligent in caring for the property is aside from the issue.

2. We think, too, that the court erred in giving in charge to the jury the latter portion of the section as to larceny after trust (Penal Code of 1910, § 189). There was no charge in the indictment in this case that the defendant had disposed of the property otherwise than by his own use, and therefore the latter portion of this section was inapplicable, and perhaps misleading to the jury.

*Judgment reversed.*