5126.   TRUEHEART *v.* THE STATE.

POTTLE, J. 1. The indictment charged the accused with embezzlement, in that, being the cashier of the Georgia Southern & Florida Railway Company, a railroad corporation under the laws of Georgia, and, as such cashier, being in possession of a sum of money of a specified amount, and being as such charged with the possession, safety, and care of such money, he did embezzle, steal, secrete, and fraudulently take and carry the money away. *Held,* that the indictment was not subject to demurrer upon the ground that it was too vague and indefinite, in that it failed to allege what fund or funds the accused was charged with embezzling, from whom the funds were obtained, or on what account or accounts the funds were obtained, or how the money came into his possession.

2. The document transmitted with the record in this case as a brief of the evidence contains 34 typewritten pages. Eleven of the pages contain evidence set forth in extenso in narrative form, and the remainder of the document, to wit, 23 pages, is made up of questions and answers transcribed from the reporter's notes. Under repeated decisions of this court and of the Supreme Court, such a document can not be considered as a brief of the evidence. *Cotton* v. *Cotton,* 136 *Ga.* 138 (70 S. E. 1015); *Carlisle* v. *Ray,* 133 *Ga.* 223 (65 S. E. 408); *American Standard Jewelry Co.* v. *Goodman,* 127 *Ga.* 543 (56 S. E. 642); *Brown* v. *Weichselbaum Co.,* 9 *Ga. App.* 728 (72 S. E. 176).

3. None of the questions made in the motion for a new trial which are dependent upon and require an examination of the document purporting to be a brief of the evidence can be considered by this court. *Whitaker* v. *State,* 138 *Ga.* 139 (75 S. E. 254); s. c., 11 *Ga. App.* 208 (7), 213 (75 S. E. 258).

4. This court will take judicial cognizance of the fact that the Georgia Southern & Florida Railway Company is a corporation chartered under

the laws of this State. *Jackson* v. *State*, 72 *Ga.* 28; *Davis* v. *Bank of Fulton*, 31 *Ga.* 69. Besides, the name imports a corporation. *Saint Cecilia's Academy* v. *Hardin*, 78 *Ga.* 39 (3 S. E. 305).

5. It was not erroneous to instruct the jury in substance that if the accused falsified his account this would be a circumstance which might be considered by the jury in passing upon the question of criminal intent.

6. Nor was it erroneous to charge the jury that it was not essential for the State to prove specifically that the accused appropriated any of the money alleged to have been embezzled by purchasing with such money any particular article.

7. None of the other assignments of error made in the motion for a new trial can be determined without considering the evidence; and there being no such brief of evidence as is required by section 6093 of the Civil Code, the judgment must be                    *Affirmed.*

DECIDED OCTOBER 28, 1913.

Indictment for embezzlement; from Lowndes superior court—Judge Thomas. July 12, 1913.

*L. Goodloe, Dan R. Bruce,* for plaintiff in error.

*J. A. Wilkes, solicitor-general, E. K. Wilcox,* contra.