6352.  DIXON *v.* THE STATE.

1. This court will take judicial cognizance that the Georgia & Florida Railway Company is a corporation chartered under the laws of this State.
2. The evidence fully authorized the verdict; no error of law appears; and the trial judge did not err in overruling the motion for a new trial.

DECIDED MAY 4, 1915.

Indictment for embezzlement; from Emanuel superior court—Judge Rawlings. December 26, 1914.

*T. N. Brown,* for plaintiff in error.

*R. Lee Moore, solicitor-general,* contra.

BROYLES, J.   C. Dixon was tried and convicted of the offense of embezzlement; the indictment alleging that he, while acting as agent at Graymont, Georgia, for the "Georgia & Florida Railway Company, a corporation under and by virtue of the laws of Georgia," fraudulently embezzled, stole, and secreted and carried away, with intent to steal the same, money of the said railroad corporation of the value of $423.86, which had been entrusted to him as agent of the corporation. On the trial the State proved all the material allegations of the indictment, and introduced, without objection, the signed admission of the accused that his accounts, at the time of the auditing thereof, were "short" $423.86. The defendant, in his statement at the trial, admitted the shortage, and endeavored to show that he had not misappropriated these funds, but had lost the money. His counsel contends that since, to constitute the alleged offense, there must exist a fraudulent intent, the accused should not be convicted for mere culpable negligence. In the *Rucker* case, 12 *Ga. App.* 632 (77 S. E. 1129), relied upon by the plaintiff in error as authority, a set of harness was left with the defendant for repair, and upon the question of conversion, or loss through negligence, the facts were remarkably close. Here, however, if we eliminate the statement of the defendant, which the jury

evidently failed to credit, the evidence demanded the verdict. Especially is this true when it was shown without contradiction that the rules of the corporation required the defendant to remit to the bank of Millen, Georgia, whenever his collections amounted to $20 or more; that the last remittance made by him was on February 20, 1912,—about $50, when, according to his books, he should have remitted more than $150, and that, under the above rules, he should not have kept on hand more than $10 in change. "There can not, of course, be embezzlement where there is no intent to defraud, but there are cases where one uses the money of another, which he has no right to use, and thereby appropriates it to his own use, from which a fraudulent intent will be inferred, and the act will be branded as embezzlement." *Orr* v. *State,* 6 *Ga. App.* 629 (65 S. E. 582), citing Metropolitan Life Ins. Co. *v.* Miller, 114 Ky. 754 (71 S. W. 921).

The contention that the corporate existence of the Georgia & Alabama Railway Company was not proved was raised for the first time in the brief of counsel for the plaintiff in error in this court, and therefore is of no avail. Besides, this court will take judicial cognizance that the Georgia & Florida Railway Company is a corporation chartered under the laws of this State. *Trueheart* v. *State,* 13 *Ga. App.* 661 (4) (79 S. E. 755).

The evidence fully authorized the verdict, it does not appear that there was any error of law on the trial, and the judge did not err in overruling the motion for a new trial. *Judgment affirmed.*