*Co.* v. *Lautermilch,* 118 Ohio St., 167, 160 N. E., 683, the syllabus of which we quote in support of our views:

"Whenever, from conflicting evidence of the same witness or of different witnesses, it becomes necessary to weigh such conflicting evidence to determine wherein the *probable* truth lies, or from a combination of circumstances determine an ultimate fact upon the determination of which different minds might *reasonably* arrive at different conclusions, it is the province of the jury to perform that function. It is reversible error for the court to invade that province of the jury."

Thus holding, the judgment of the lower court is hereby reversed as contrary to the weight of the evidence and law, and plaintiff in error is discharged.

*Judgment reversed.*

VICKERY and LEVINE, JJ., concur.

MILLER *v.* THE STATE OF OHIO.

(Decided June 4, 1928.)

*Mr. Charles H. Elston* and *Mr. H. Henry Sunderman,* for plaintiff in error.

*Mr. Charles P. Taft, II.,* prosecuting attorney, and *Mr. Cornelius J. Petzhold,* for defendant in error.

HAMILTON, P. J.  Plaintiff in error, John Miller, was convicted of assault with intent to rape.  The trial court entered judgment on the verdict and sentenced the plaintiff in error to the penitentiary. From that judgment error is prosecuted to this court, specifying two grounds of error.  First, the judgment is against weight of the evidence; and, second, error in the general charge.

We find that the verdict was sustained by the evidence, and the judgment will not be disturbed on that ground.

Plaintiff in error complains of the following excerpt from the general charge of the court:

"In determining the weight to be given to the testimony of the said John Miller, you may consider whether such testimony has or has not been corroborated by other witnesses and the facts and circumstances appearing in this case."

It is contended that this charge would lead the jury to believe that the testimony of the defendant must be corroborated, before it could be given credit.

As above stated, the quotation is an excerpt from the charge, and does not fully state the proposition presented in the charge of the court.  The charge involving the matter complained of is as follows:

"The testimony has been offered as to the reputation of John Miller for truth and veracity.  If you should be of opinion that his reputation where he

lived has been successfully impeached, you may, in your discretion, disregard his testimony as being unworthy of belief, either a part of it or all of it as your judgment dictates. But, notwithstanding the fact that you may feel from the evidence that the reputation of John Miller for truth and veracity has been successfully impeached, you may still believe his testimony, a part or all, if you consider you should give credit to it. In determining the weight to be given to the testimony of the said John Miller, you may consider whether such testimony has or has not been corroborated by other witnesses and the facts and circumstances appearing in this case. This testimony is not competent to prove the accused guilty, but is only received by you to determine his credibility as a witness, for that and no other purpose.''

It will be seen from a reading that this part of the charge bearing on the question of the credibility of Miller, taken as a whole, fairly states the law, and is not unfavorable to the defendant. The effect of the charge to the jury is that, notwithstanding Miller's reputation for truth and veracity was successfully impeached, they may yet give credit to either a part or all of his testimony, as they should see fit, and that they should take into consideration, in giving credit to Miller's testimony, the question whether or not he had been corroborated, and all other facts and circumstances appearing in the case.

We see no objection to this charge. It has been held that where a witness has been successfully impeached, his evidence should be rejected unless corroborated on a material point. *Williams* v. *State,* 69 Ga., 11. See, also, *McElroy* v. *People,* 202 Ill.,

473, 66 N. E., 1058, and *Grant* v. *State,* 118 Ga., 804, 45 S. E., 603. The charge complained of does not, however, go to the extent of requiring corroboration, as held in the cases referred to.

We find no prejudicial error in the record, and the judgment is affirmed.

*Judgment affirmed.*

MILLS and CUSHING, JJ., concur.