30484.   BRANDT *v.* THE STATE.

222

Decided June 6, 1944.

*H. A. Allen, Gertrude Harris,* for plaintiff in error. *John A. Boykin, solicitor-general, E. E. Andrews, Durwood T. Pye,* contra.

GARDNER, J. ■ The first argument concerning the overruling of the demurrer to the indictment is that the court overruled the demurrer to count 1 before an order of nolle prosequi had been entered as to count 2. There is no merit in this contention. Nor is there any merit in the assignments of error on overruling the demurrer for any reason argued against the indictment. The indictment was drawn under the Code, § 26-2809, and the opinions in the following cases are cited as authority for its sufficiency: *Hoyt* v. *State,* 50 *Ga.* 313; *Keys* v. *State,* 112 *Ga.* 392 (37 S. E. 762, 81 Am. St. R. 63); *Truehart* v. *State,* 13 *Ga. App.* 661 (79 S. E. 755). It is not necessary to plead the evidence.

■ As to the general grounds, counsel for the defendant earnestly insist that the allegata and probata do not agree, since the indictment alleges a conversion of $4000 in money, and the evidence shows that if there was any conversion it was conversion of a check for $4000 which the prosecutor made payable to the defendant. The evidence shows that the check was cashed, and that the defendant obtained the money. We do not exactly follow the reasoning of able counsel in this respect. The check was but an

order on the bank to pay the defendant $4000 of the prosecutor's money. He used the check, as both parties intended, for the purpose of getting possession of the $4000. Counsel for the defendant cite many cases in the field of larceny, consisting mostly of the description of animals in the indictment wherein the evidence shows a different animal from that described in the indictment. These cases are not analogous to the case at bar. We might illustrate the difference thus: If the famous Mr. John Doe owned a steer which he had loaned to the equally famous Mr. Richard Roe, and John Doe had given a defendant an order to Richard Roe to fetch the animal to the home of John Doe and instead of doing so the defendant, after having obtained the animal on the order from Richard Roe, carried it to the market and sold it, instead of carrying it to the owner, John Doe, under these circumstances we do not think he would have been held to have converted the order instead of the ox. There does not appear that there is a variance between the allegations and proof in the case before us, under the decision of McCrory v. State, 11 Ga. App. 787 (3, 4) (76 S. E. 163), which reads as follows: "There was no error in admitting testimony that T. J. Moss gave his son a check for $250, to be delivered to the accused; nor was it error to admit evidence that when demand was made upon him for the money, the accused stated that he would repay it 'as soon as he landed another;' such a statement being in the nature of an incriminating admission, to be considered along with the other evidence in the case. The fact that the accused was entrusted with money and converted the money to his own use was sufficiently shown when it appeared that a check payable to T. J. Moss, and indorsed by him, was delivered by his son to the accused, and that the check was paid to the accused by the bank upon which it was drawn, and the proceeds converted to his own use and not repaid to the person who had entrusted it to him after demand and after the expiration of the six-months period during which it was entrusted." The indictment in that case alleged the conversion of money procured on a check.

It is the contention of the State, and there is sufficient evidence to sustain it, that the prosecutor entrusted the defendant with $4000 for the purpose of obtaining a first lien instrument against a parcel of real estate on which the accused had a second lien. The defendant obtained the $4000 on the check of the prosecutor and

instead of having the first-lien instrument transferred by the holder to the prosecutor, he had the instrument transferred to his (defendant's) wife, and had the transfer recorded. When the defendant was called upon by the prosecutor concerning the transaction, the defendant had his wife transfer the instrument to the prosecutor and delivered it to the prosecutor. They had some controversy concerning the transaction at the prosecutor's house at the time the instrument was delivered to him. They seemed to have reconciled whatever differences existed between them, and the defendant prevailed upon the prosecutor to let the defendant retain the instrument to be used in certain alleged litigation concerning the land involved. The defendant, after having taken charge of the instrument, erased the transfer of his wife to the prosecutor, and thereafter the instrument was transferred to L. A. McKinley by Mrs. W. F. Brandt (wife of the defendant). This transferee sold the property under a power of sale and owned it at the time of the trial.

In contradiction to the State's contention and evidence, the defendant contended, with evidence to sustain his contention, that the $4000 represented by the check was advanced to him by the prosecutor as a loan instead of a trust fund as contended by the State. In support of this defense there was considerable evidence introduced on behalf of the defendant showing a course of dealing between the prosecutor and the defendant tending to substantiate his defense. This evidence involved several transactions concerning the issue. During the course of the trial there was testimony introduced to the effect that the prosecutor had finally collected the full amount of the judgment for the balance of the money in controversy between them. The evidence was in sharp conflict concerning the transactions between the prosecutor and the defendant. The brief of the evidence covers approximately one hundred pages of the record. Throughout the case the conflicts in the testimony, and the relations which the documentary evidence bore to the issues, presented questions of fact exclusively within the province of the jury to determine. This body resolved them in favor of the contentions of the State, and against those of the defendant. This court is without authority to disturb this finding under the general grounds. So far as the general grounds are concerned, the evidence sustains the verdict of the jury.

■ Special ground 1 complains because the court charged: "This indictment originally contained two counts, but the second count has been dismissed by the State, and you may exclude it except as it undertakes to set out some matters illustrating some issues in count one." It is contended that this is error because count 2 had been stricken, and the court did not explain in this connection just how count 2 was before the court. This charge is without error for the reasons that it is clear to our minds that the last part of the sentence in the charge as given above had reference to considering count 2 along with all the evidence, since the defendant had introduced count 2 in his defense. This ground is without merit.

■ Special ground 2 complains of error because the court charged: "To impeach a witness, gentlemen, is to show to the satisfaction of the jury that such witness is not worthy of belief. One method of impeachment is by proof of contradictory statements previously made by the witness as to matters germane or material to the case. Another method of impeachment is by disproving facts testified to by the witness. The weight to be given the testimony of a witness where he has been impeached by contradictory statements or where his testimony is disproved is a question for your consideration and determination. While it is for you to determine the credit to be given the testimony of a witness sought to be impeached, yet if the witness has been successfully impeached, that is where the witness has been shown and proved to be absolutely unworthy of belief, it would be your duty to disregard the entire testimony of such witness unless it should be corroborated by facts, other facts and circumstances. Where the testimony of a witness ordinarily should be merely contradicted, or where his testimony is disproved, the truth or falsity of the testimony given by the witness is for the jury to determine." The last sentence from this excerpt from the charge distinguishes it from the case of *Black & White Cab Co.* v. *Cowden,* 64 *Ga. App.* 477 (13 S. E. 2d, 724). There are many decisions of this court and the Supreme Court dealing with the question here made, and we will not attempt to engage in a lengthy discussion of these many cases. Suffice it to say that under a careful consideration of this assignment of error under the record of this case the charge is not reversible error for any of the reasons assigned. For a further consideration of the question, any one desiring to pursue it further is referred to the

case of *Haynes* v. *Phillips,* 69 *Ga. App.* 524 (26 S. E. 2d, 186), and the numerous cases cited therein, and in addition thereto we refer to the case of *Grant* v. *State,* 118 *Ga.* 804 (45 S. E. 603). Under the facts of this case the charge is not error, and if defendant had desired a more elaborate charge he should have requested the same in writing.

■ Special ground 3 complains because the court charged: "Gentlemen, in this case, as I have told you, the burden is on the State to prove the case before there can be a conviction and the burden is not on the defendant to disprove the case. However, in this case, the defendant does say that this was not a voluntary entrustment of money, but was a loan, and he says that there was no trust and no grounds for the charge of larceny after trust which is brought." There are three assignments of error on this excerpt: (a) Error is assigned because the court in this connection failed to charge that the burden was on the State to prove the case beyond a reasonable doubt. The court had fully charged the jury concerning the presumption of innocence protecting the defendant throughout the trial. When we consider this excerpt in connection with the entire charge, this assignment has no merit. (b) Error is also assigned because when the court instructed the jury that the defendant contended that the transaction was a loan and not the entrustment of money, that such statement relieved the State of a portion of its burden. As we have set forth above, the main issue submitted to the jury was whether the transaction was an entrustment of money or a loan. The questions as to this issue permeated the case throughout, and we find no error in the judge stating what the defendant contended and what he stated. Indeed it would appear that the charge was favorable to the defendant because it emphasized his defense. (c) It is further contended that the court did not in this connection charge to the effect that if the jury believed the transaction was a loan the defendant would not be guilty. When we view the charge as a whole, the jury were fully instructed that before the defendant could be convicted the jury must believe the State's contention that it was a trust rather than a loan, otherwise the defendant would not be guilty. The assignments under this ground are not meritorious.

■ Special ground 4 complains because the court charged: "I say to you, gentlemen, that in determining this case you take the

evidence, oral and documentary, and consider what the truth of the matter is, and when you have found what the truth is, you apply the result of your finding to the law as given you in charge and then make up your verdict." Error is assigned on this excerpt because the court failed to charge the jury to take into consideration the statement of the defendant in connection with the "evidence, oral and documentary," in determining their verdict. While we think it would have been better, in connection with such charge, for the court to have instructed the jury to consider the defendant's statement in connection with the evidence, it would seem that both this court and the Supreme Court have substantially settled this question adversely to the defendant. *Hall* v. *State,* 180 *Ga.* 46 (4) (178 S. E. 292) ; *Booker* v. *State,* 183 *Ga.* 822 (5) (190 S. E. 356) ; *Harris* v. *State,* 52 *Ga. App.* 300 (183 S. E. 107) ; *Bradford* v. *State,* 69 *Ga. App.* 856 (3) (26 S. E. 2d, 848).

■ Special grounds 5 and 6: Special ground 5 assigns error upon the following excerpt from the charge: "Now, a conversion, gentlemen,—conversion means diversion from the express purpose of the bailment. It is primarily done with the intent to divert from the purposes of the trust, and to defraud. A direct conversion may take place when a person actually appropriates the property of another to his own beneficial use and enjoyment or to that of a third person who assists, by the alteration of its nature. It includes the assumption or the exercise of the right of ownership over the goods or personal assets belonging to another, to the alteration of their position or to the exclusion of the owner's right. To constitute a fraudulent conversion there must not only be an intent to defraud, but the intent must be accompanied by positive acts of fraud. A conversion could be either, first, by the wrongful taking of the personal chattel, second, by some other illegal assertion of ownership, by illegally using another's goods, or third, by wrongful intention." It is quite evident to us that the word "intention" was a typographical error, or inadvertently used. It appears from the context of the excerpt and the entire charge that "detention" is a more apt word. There are six assignments of error based on this excerpt: That the charge (a) confused and commingled the principle of civil conversion and criminal or fraudulent conversion; (b) that it was argumentative, and left out of consideration that the gravamen of the offense was fraudulent conversion; (c)

because of the reference made to a third person; (d) because of the reference "to the alteration of their possession or to the exclusion of the owner's right;" (e) because the court stated in effect that either one of three ways mentioned in the excerpt would amount to conversion because it left out of consideration fraudulent conversion; (f) because the excerpt in effect made no clear distinction between simple civil conversion and fraudulent criminal conversion. There were three distinct high points on which the court was endeavoring to instruct the jury, and we think when we consider the entire context of the excerpt, even alone, but particularly in connection with the entire charge and the brief of evidence, the court did properly cover them in his .charge: (1) Whether there was a fraudulent or criminal conversion; (2) whether there was only a simple civil conversion; or (3) whether there was a fraudulent conversion and also a civil liability. Viewing the excerpt from these viewpoints, looking to the entire charge, the evidence and the contentions of both the State and the defendant throughout this record as they are reflected in the background by the verdict of the jury, there appears no reversible error for any of the reasons assigned in this ground.

Special ground 6 complains of the following excerpt from the charge of the court: "I instruct you, gentlemen, that there can be no wrongful temporary use of trust funds, if there was such trust, contrary to the purposes of the trust, if there was a purpose agreed upon, and if there was a trust any use, even temporarily, contrary to the terms of such trust, if there was one, would constitute a fraudulent conversion." This is a correct principle of law as applied to the facts of this case; and neither the excerpt complained of in special ground 5 nor that complained of in special ground 6, when considered alone or together, conveys the idea that the jury were authorized to convict the defendant if they found "that he had otherwise disposed of the property." Correctly interpreted neither instructed the jury that they would be authorized to convict the defendant if he converted the property otherwise than as alleged in the indictment. Therefore the case of *Rucker* v. *State,* 12 *Ga. App.* 632 (77 S. E. 1129), is not applicable to this case as made by the record.

■ Special ground 7: Error is assigned because the court charged: "Fraudulent intent may be inferred from facts and cir-

cumstances as disclosed to you by the evidence." The exception
to this excerpt is that it was an expression of opinion by the court
that the State had submitted sufficient evidence from which the
jury could infer fraudulent intent. This excerpt has given us con-
siderable concern. But for the entire charge we would be strongly
inclined to agree with able counsel for the plaintiff in error, but in
view of the entire evidence in connection with the entire charge of
the court on this subject, and particularly that portion of the
charge which gives the setting from which this excerpt is detached,
we have reached the conclusion that while the excerpt is an inapt
expression, of course inadvertently made, under the whole record it
does not demand a reversal. The court fully charged the burden
which rested upon the State before a verdict of guilty could be re-
turned, and the presumption of innocence which shielded and pro-
tected the defendant throughout the trial. He also charged: "A
crime, gentlemen, is a violation of a public law in the commission
of which there shall be a joint operation of act and intention."
Again, the court charged: "It [meaning fraudulent conversion]
is primarily done with the intent to divert from the purposes of the
trust, and to defraud." And then later on the court gave in charge
the following from which the excerpt was taken: "I instruct you,
gentlemen, that there can be no wrongful temporary use of trust
funds, if there was such trust, contrary to the purposes of the trust,
if there was a purpose agreed upon, and if there was a trust, any
use, even temporarily, contrary to the terms of such trust, if there
was one, would constitute a fraudulent conversion. *A fraudulent
intent may be inferred from facts and circumstances as disclosed
to you by the evidence.* [Italics ours.] I charge you, gentlemen,
that where there is a business transaction, the advance of money for
a specific purpose from one to another, and the latter openly and
in good faith claims that it was a loan, and not for a specific pur-
pose, such as a trust or bailment, then there would be no larceny
after trust. If there was a trust or a specific purpose and a fraud-
ulent conversion, then there would be larceny after trust. Gentle-
men, from nothing that I have said to you in this case should you
infer that I meant to intimate or express any opinion on any of
these issues as to what has or has not been proven. I am merely
trying to state to you, in the instructions, and it is for you to de-
termine from the facts whether or not those facts come up to the

definition of these various acts that I have given you in this charge." In view of what we have said regarding this assignment, and under the decisions of *Claybourn* v. *State,* 190 *Ga.* 861 (4) (11 S. E. 2d, 23), and *Alred* v. *State,* 68 *Ga. App.* 263 (2) (22 S. E. 2d, 677), the assignment of error here made does not require a reversal. However, we think it would have been better had the court used the word "intent," leaving off "fraudulent," or if using "fraudulent," he had added, "innocent or good-faith intent," followed by, "may be inferred from facts and circumstances as disclosed to you from the evidence." What we are endeavoring to convey is that lack of criminal intent, as well as fraudulent or criminal intent, may be inferred from the evidence. But still, as we have stated, construing the charge in its entirety, as applied to the evidence, we are convinced that this inadvertent expression on which error is assigned does not show reversible error.

■ Special ground 8 complains because the court charged the jury to the effect that in a fraudulent transaction there are two different phases of the situation, one would be a civil debt and one would be a criminal liability. In such a transaction the parties could settle the civil debt between them, but could not settle the criminal incident involved without the consent of the court; that after a crime had been committed the individuals as between themselves could not settle it. It is contended that this charge is argumentative and not adjusted to the facts. This contention is without merit.

■ Special grounds 9, 10, and 12 complain of the admission of hearsay testimony, such testimony (conversations) coming from the prosecutor, Inman Gray, and others. These contentions are without merit. Such conversations merely illustrate the conduct of the prosecutor and are admissible as original evidence and not as hearsay. See *Daniel* v. *State,* 66 *Ga. App.* 59 (17 S. E. 2d, 91).

■ Special ground 11 complains because the court permitted L. A. McKinley to testify concerning the transaction between himself and the defendant when the lien-instrument in question was transferred or given over by the defendant to L. A. McKinley properly transferred by the defendant's wife; and the payment by McKinley to the defendant of a sum to cover the principal and interest amounting to approximately $4038.48. This was the same instrument which the State contended the prosecutor entrusted $4000

to the accused for the purpose of obtaining for the prosecutor. This evidence is clearly admissible as a part of the transaction in question between the prosecutor and the defendant.

■ Special ground 13 complains because the court charged: "Gentlemen, one of the essential elements of this crime is the entrusting, or bailment of money by the prosecuting witness to the defendant in the case. Then the purpose of the bailment must be for the use of the person delivering it, and that is another element, the purpose of the bailment. Then to complete the crime it must have been a fraudulent conversion to his own use. Those are the three technical elements of this crime, the conversion of the money under this bailment as alleged in this indictment." It is contended that this charge is error because it was (a) misleading to the jury; (b) confusing to the jury; (c) the three elements of the crime were referred to as technical elements; (d) it was argumentative, confusing, involved, not a clear definition of the necessary elements of a crime; (e) misleading and prejudicial. Counsel cite *Birt* v. *State,* 1 *Ga. App.* 150 (57 S. E. 965); *Goodman* v. *State,* 2 *Ga. App.* 438 (58 S. E. 558); *Hamilton* v. *State,* 11 *Ga. App.* 41 (74 S. E. 446); *Lewis* v. *State,* 17 *Ga. App.* 667 (87 S. E. 1087). According to our view, the court charged substantially the same elements as constituted the crime of larceny after trust as described in the cases cited, and sufficiently clear to inform the jury fully on the question. According to the argument of counsel, the greatest grievance against the charge is because the court used the word "technical elements," whereas, counsel contends, the court should have said "fundamental elements." It is contended that for the court to use the word "technical" to the jury was highly prejudicial because technicalities when applied to court procedure as to jurors minimized the solemnity of the charge against the accused. From this view it would seem more favorable to the defendant than to the State, even conceding the exceptions to be in any wise well founded. We can not agree with counsel that the judgment should be reversed for any reason assigned in this ground.

■ Special grounds 14 and 15 complain of a variance between the allegations and proof. These grounds are dealt with in division 2 of this opinion, wherein we treat the general grounds.

■ Special ground 16: After the defendant procured the first-lien instrument on the Wieuca Inn property with the money ob-

tained from the prosecutor, the prosecutor gave a check for $109.73 to the accused for the purpose of having the property insured. When the defendant thereafter transferred the instrument and debt to L. A. McKinley he received a check for $72.42 as a refund on the insurance premium which the prosecutor had paid. These two checks were introduced in evidence, and oral testimony admitted as to their purpose, etc. . The defendant objected to the introduction of the checks and the testimony concerning them on the grounds (a) they were prejudicial, and (b) they were not any part of the funds alleged in the indictment to have been fraudulently converted. This evidence was admissible as a part of the entire transaction between the defendant and the prosecutor. It was competent as bearing on the intent of the defendant, and as refuting his contention that the transaction was a loan instead of an entrustment. If it be conceded that the transaction concerning these checks was a different one from that alleged in the indictment, it would still be admissible, under the facts of this case, as a similar transaction to that charged in the indictment, for the purpose of illustrating the fraudulent intent of the accused in the transaction for which he was on trial. *Farmer* v. *State,* 100 *Ga.* 41 (2) (28 S. E. 26) ; *McCrory* v. *State,* supra.

The court did not err in overruling the motion for new trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*