## JONES v. THE STATE.

FISH, J. There was no error in admitting or in rejecting testimony ; the instructions complained of were substantially correct ; the charge, as a whole, was a full, fair, and impartial statement of the principles of law involved in the case ; most of the requests to charge were thereby adequately covered ; and the remaining requests were not of sufficient materiality to affect the result ; it does not appear that any error was committed by expressing an opinion upon the evidence ; and the evidence warranted the verdict.

*Judgment affirmed. All the Justices concurring, except Little and Lewis, JJ., absent.*

Argued March 17, — Decided March 26, 1902.

Conviction of manslaughter. Before Judge Falligant. Motion for new trial. Before Judge Barrow. Chatham superior court. January 17, 1902.

*Travis & Edwards*, for plaintiff in error.
*W. W. Osborne, solicitor-general*, contra.

---

## WHITSETT v. THE STATE.

FISH, J. 1. A charge, in a trial for assault with intent to murder, in the following words : " All the ingredients of murder, except the death of the party, must be present at the time the party is injured. If death had resulted from the wound inflicted in this case, it would have been a case of murder, then the case on trial before you would be a case of assault with intent to murder," is not open to the criticism that it amounts to an expression of opinion that the case on trial is actually one of assault with intent to murder, when, taking the language thus used in connection with the entire charge, it is clear that the judge did not mean to convey any such impression to the jury, and that they could not possibly have understood that he intended so to do.

2. The evidence, though decidedly conflicting, was sufficient to warrant the verdict, and there was no error in refusing to grant a new trial.

*Judgment affirmed. All the Justices concurring, except Little and Lewis, JJ., absent.*

Argued March 17, — Decided March 26, 1902.

Indictment for assault with intent to murder. Before Judge Candler. Dooly superior court. September term, 1901.

*W. V. Harvard*, for plaintiff in error.
*F. A. Hooper, solicitor-general*, contra.