### WALKER v. THE STATE.

LAMAR, J.  1.  Having charged as to the weight which might be given the prisoner's statement, it was not necessary, in defining a reasonable doubt, for the judge further to say that it might arise from the defendant's statement.  Penal Code §§ 1010, 987.  *Vaughn* v. *State*, 88 *Ga.* 738 (4) ; *Lacewell* v. *State*, 95 *Ga.* 349.

2.  Where there was no evidence that a witness for the State was an accomplice, the court was not bound to charge Penal Code, § 991, as to the necessity of corroboration, even though the defendant contended the witness was an accomplice.  *Robinson* v. *State*, 84 *Ga.* 674.

3.  In the absence of a special request so to do, the court is not bound to charge Penal Code, § 1005, as to the weight to be given confessions.  *Malone* v. *State*, 77 *Ga.* 768 (5) ; *Sellers* v. *State*, 99 *Ga.* 212.

4.  Some of the absent witnesses had not been summoned, and as to all the showing for a continuance was fatally defective.  Penal Code, § 962.

5.  The verdict was sustained by the evidence, and no error of law was committed.  The refusal to grant a new trial is          *Affirmed.    By five Justices.*

Submitted April 28, — Decided May 30, 1903.

Indictment for arson.    Before Judge Evans.    Laurens superior court.    March 16, 1903.

*John R. Cooper, E. S. Baldwin,* aud *J . J. Carswell,* for plaintiff in error.    *J. E. Pottle, solicitor-general,* contra.