### 3183.    BENTON v. THE STATE.

HILL, C. J.    1. In a trial for assault with intent to murder, the judge charged the jury as follows: "You would consider the testimony precisely as you would if death had resulted from any injury inflicted by the defendant, if any has been proven before you in this case. The only difference is that when death results, the intention to kill is presumed until the contrary appears; but when death does not result, the intention to kill is never presumed. It is a matter of proof, to be determined by the jury under the circumstances." *Held*, that this instruction aptly and correctly defines the law applicable to assault with intent to murder, and does not intimate an opinion on the facts, is not in any manner calculated to confuse the jury as to the evidence necessary to prove malice in such cases, and is not error for any of the reasons assigned, nor for any other reason, so far as this court can discover. *Whitsett* v. *State*, 115 *Ga.* 203 (41 S. E. 699).

2. The witnesses for the State having testified that they were present and saw the shooting by the accused with a pistol in a few feet of the prosecutor, and that the shot took effect, producing a serious and dangerous wound, the jury were authorized to infer the existence of the specific intent to kill, and the judge was not required to charge the law of circumstantial evidence. *Nelson* v. *State*, 4 *Ga. App.* 223 (60 S. E. 1072); *Paschal* v. *State*, 125 *Ga.* 279 (54 S. E. 172); *Johnson* v. *State*, 4 *Ga. App.* 59 (60 S. E. 813); *White* v. *State*, 4 *Ga. App.* 72 (60 S. E. 803), and cases cited.

3. On a trial under an indictment for assault with intent to murder, it is not error for the court, where the evidence makes the law applicable, to give in charge to the jury the definition of implied malice as laid down in section 62 of the Penal Code of 1910. In a case of assault with intent to murder, malice may be implied "where no considerable provocation appears, and where all the circumstances" of the attempt to kill "show an abandoned and malignant heart."

4. An instruction to the jury that "a reasonable doubt, in terms of the law, is a doubt that legitimately springs from the evidence, or from the want of evidence, or from a conflict in the evidence," was not erroneous in failing to state that the reasonable doubt might arise from a consideration of the defendant's statement; the court charging fully and correctly on the weight which the jury might give to the statement. *Jordan* v. *State*, 130 *Ga.* 406 (60 S. E. 1063).

5. In charging the jury that, if they should find the defendant guilty of the felony charged, they could recommend that the felony be treated as a misdemeanor, it was not error for the judge to state that the recommendation would not be effective unless approved by the court. Such is the statute. Penal Code (1910), § 1062; *Echols* v. *State*, 109 *Ga.* 508 (34 S. E. 1038).

6. It has been repeatedly held that it is within the discretion of the trial judge to permit a witness to remain in the court-room to assist either the State or the accused, and while it is better that the witness should be first examined, this, too, is a matter of discretion, and the action of

the court in these respects will not be reviewed. *Carter* v. *State*, 2 *Ga. App.* 266 (58 S. E. 532); *Shaw* v. *State*, 102 *Ga.* 667 (29 S. E. 477).

7. Some of the testimony alleged to be newly discovered would be inadmissible, because hearsay, and that which would be admissible would probably not change the result, being purely cumulative. .

8. No error of law appears, and the verdict is amply supported by the evidence.                                    *Judgment affirmed.*

DECIDED APRIL 24, 1911.

Indictment for assault with intent to murder; from Dougherty superior court—Judge Park. December 22, 1910.

*J. W. Walters Jr., R. J. Bacon, Ben T. Burson,* for plaintiff in error.

*W. E. Wooten, solicitor-general, F. A. Hooper,* contra.