## 5482.  EARLY *v.* THE STATE.

1. On a trial for an assault, made when the assaulted man was in conversation with a woman with whom the accused was intimate, evidence that about a month or two months before the assault the accused threatened to kill this man if he ever caught the man at his "girl's" house again was admissible as tending to show the motive for the assault.

2. In view of the charge of the court as a whole, there is no merit in the objection that the jury were restricted to a consideration of the evidence, to the exclusion of the prisoner's statement at the trial, by the instructions that if "the evidence" satisfied them to a reasonable and moral certainty of his guilt, he should be convicted, and that they could not go "outside of the evidence" in trying the case, and that if upon a consideration of the evidence or on account of the want of evidence they should have a reasonable doubt as to his guilt, he should be acquitted; the court further instructing them that the prisoner's statement should have such weight and force as they might think fit to give it in their effort to arrive at the truth, and that they might believe it in preference to the sworn evidence in the case, and that if they had any doubt as to the guilt of the accused, they should acquit. It was not necessary to add that a reasonable doubt might arise from the prisoner's statement.

3. The jury being fully and correctly instructed in the charge of the court on the law as to reasonable fears as a defense, and instructed that the accused should be acquitted if he cut the prosecutor in self-defense where it appeared to him as a reasonable man that his life was in danger and that it was necessary for him to cut the prosecutor for the purpose of saving his own life, an instruction that he would not be entitled to a verdict of not guilty if he cut the prosecutor when it was not necessary to cut to save his own life or to protect himself against a felonious attack is not subject to exception on the ground that it had the effect of limiting the right of self-defense to an actual necessity for such defense, and of preventing the jury from considering whether the accused, acting under the fears of a reasonable man, believed it was necessary for him to cut in order to save his own life.

4. The contentions of the accused were set forth with sufficient fullness in the charge of the court.

5. The exception that certain instructions of the court on the law of homicide were error, for the reason that they did not correctly state the law as to when express malice is shown, is too indefinite for consideration.

DECIDED APRIL 18, 1914.

Indictment for assault with intent to murder; from Bibb superior court—Judge Mathews. December 17, 1913.

*Feagin & Hancock,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.

WADE, J. The defendant was convicted of an assault with intent to murder. The evidence for the State showed that he saw one Henry Slater in apparently earnest conversation with a married woman known as Ethel Davis, who sailed under a name different from her husband's and with whom the defendant's relations appear to have been altogether too friendly, and, prompted by the "green-eyed monster" of jealousy and seemingly enraged by the failure of Slater to regard a warning which he had given some time before, that he would kill Slater if he ever caught him at his "girl's" house again, he assaulted Slater with an open razor, and carved up his person extensively and without entire regard for his anatomical structure or future physical pulchritude. Slater was cut from a point about an inch below the right ear, around the neck, to about half an inch beyond the middle of the back of the neck, and also on the left side of the head from the top to the lobe of the ear, and there were several other equally dangerous cuts on or about the back of the head and neck. The cutting was done at night, on the open street, in the dark, and, according to the State's witness, was wholly unprovoked, the sole cause being the fact that Slater had stopped to exchange a remark with the woman. There was testimony tending to show that the defendant acted in self-defense and not as the aggressor, but the jury saw fit to reject this testimony and accept the testimony in behalf of the State instead.

The general grounds of the motion for a new trial are without merit, since the evidence was ample to sustain the verdict.

1. The defendant complains in the first special ground of the motion, because the court admitted the testimony of a witness who swore that before the assault was committed the defendant told him that, if he ever caught Slater at his "girl's" house again, he was going to kill him. This was about a month or two before the

cutting, and the witness told Slater what the defendant said. The defendant was talking about the house of Ethel Davis. This evidence appears, from the recitals in the amended motion, to have been objected to on the ground that it was irrelevant and immaterial. The evidence, in our opinion, was admissible, since it threw light on the state of feeling entertained by the defendant towards Slater, and helped to explain his conduct in making the assault, by furnishing the motive therefor.

2. The defendant complains because the court charged the jury as follows: "If the evidence satisfies your minds to a reasonable and moral certainty of the guilt of the defendant, and there remains no reasonable doubt in your minds as to his guilt, it would be your duty to convict him;" and also because the court charged the jury that they could not go "outside of the evidence" in trying the case, either for the purpose of finding the defendant guilty or for the purpose of raising a doubt, "but if, upon a consideration of the evidence in the case, either on account of the want of evidence, or insufficiency of evidence, or the evidence itself, there should arise in your minds a reasonable doubt as to his guilt—as to the guilt of the defendant, it is your duty to give the defendant the benefit of that doubt and acquit him." The plaintiff in error contends that this charge restricted the consideration of the jury to the evidence in the case, and did not fully instruct the jury as to their right to believe the prisoner's statement in preference to all the evidence, and eliminated it entirely from their consideration. We do not think there is any merit in these objections, since the court charged the jury in general terms, and with sufficient fullness, in regard to the statement of the defendant and the weight the jury might give to it, and even went further than the law requires, after charging on the subject of reasonable doubt and the presumption of innocence, by adding just before the general charge in reference to the value of the defendant's statement, and in this immediate connection, that should the jury have *any* doubt as to the defendant's guilt in this case, it would be their duty to give him the benefit of the doubt and acquit him—the charge not even confining the doubt to a reasonable doubt. The omission to instruct the jury that a reasonable doubt might arise not only from the evidence in the case but from the defendant's statement, where the court properly charged as to the weight to be given the defend-

ant's statement was not error. *Vaughn* v. *State,* 88 *Ga.* 738 (16 S. E. 64); *Miller* v. *State,* 94 *Ga.* 1 (2), 13 (21 S. E. 128); *Walker* v. *State,* 118 *Ga.* 34 (44 S. E. 850); *Roberts* v. *State,* 123 *Ga.* 150, 162 (51 S. E. 374); *Jordan* v. *State,* 130 *Ga.* 407 (5), 408 (60 S. E. 1036); *Rouse* v. *State,* 136 *Ga.* 363 (71 S. E. 677); *Benton* v. *State,* 9 *Ga. App.* 291 (4) (71 S. E. 8). In another ground of the motion for a new trial it is contended that the court erred in charging as follows: "The defendant has made a statement. This he makes under the law. This statement is not made under oath, and it shall have just such weight and force as you think fit to give it in your effort to arrive at the truth, in the case. You may believe it in preference to the sworn evidence in the case." It is contended that this charge was error because the court nowhere instructed the jury that a reasonable doubt as to the defendant's guilt could arise out of his statement, or that in making up their verdict they could consider his statement in preference to all the other evidence in the case, and might base their verdict on his statement alone. This ground is disposed of by what is said in the preceding part of this opinion and in the decisions cited above.

3. In the fourth ground of the amendment to the motion for a new trial it is contended that the court erred in charging the jury as follows: "I charge you that if at the time the defendant cut the prosecutor he did so when it was not necessary for him to cut to save his own life, but that he cut him owing to the fact that he was engaged in a fight with him, he cut him owing to the passion aroused in his mind by an assault that had been made upon him by the prosecutor at a time when it was not necessary for him to use the knife and cut the prosecutor, but acting entirely from a sudden heat of passion aroused in him on account of an assault that had been made upon the defendant, but at a time when it was not necessary for the defendant to use a knife in order to save his own life or to save himself from the felonious attack by the prosecutor, why then he would not be justified in the sense he would be entitled to a verdict of not guilty, but he would be guilty of the offense of stabbing." It is contended that this charge was error because it confined the jury's attention to the actual necessities of the occasion and did not allow them to consider whether the defendant, at the time of the cutting, acting under the fears of a reasonable man, believed that it was necessary for him to cut the prosecutor in

order to save his own life. There is no merit in this assignment of error; for in another part of the charge the jury were fully and correctly instructed on the law as to reasonable fears as a defense, and instructed that the accused should be acquitted if he cut the prosecutor in self-defense where it appeared to him as a reasonable man that his life was in danger and that it was necessary for him to cut the prosecutor for the purpose of saving his own life. The charge, taken as a whole, properly instructed the jury that the defendant would be justified in making the assault if it appeared that he acted under the fears of a reasonable man, not a bare fear, but a fear justified by the circumstances of the case—circumstances sufficient to excite the fears of a reasonable man, etc.

4. The defendant complains that the charge as a whole stated the contentions of the State fully, and failed to state with equal fullness the contentions of the defendant. This exception is not well taken. The charge seems to set forth with sufficient fullness all the elements of defense set up.

5. The exception to an excerpt from the charge of the court, which simply declares that the charge is error "for the reason that it does not accurately and correctly state the law as to when express malice is shown," fails to indicate in what particular the charge is erroneous, and hence can not be considered here. The exceptions to the charge set out in the 8th ground of the motion for a new trial is without merit, viewed in the light of the entire charge.          *Judgment affirmed. Roan, J., absent.*