## 5536. POWELL *v.* THE STATE.

1. Refusal to give a requested instruction to the jury was harmless, the matter of the request being substantially covered by instructions given.
2. It was not error to charge the jury: "If you believe a witness has been impeached, you may disregard his testimony entirely, unless it is corroborated by other evidence."
3. There being no evidence that a witness was an accomplice, the court was not bound to give in charge to the jury section 1017 of the Penal Code, as to testimony of an accomplice, or to define an accomplice.
4. The fact that one is a joint defendant in an indictment and has entered a plea of guilty does not necessarily make him an accomplice, so as to require corroboration of his testimony against his codefendant.

DECIDED APRIL 18, 1914.

Indictment for larceny of a hog; from Laurens superior court—Judge Hawkins. January 27, 1914.

*Burch & Burch,* for plaintiff in error.

*E. L. Stephens, solicitor-general,* contra.

ROAN, J. Will Powell and Edmond Mills were jointly indicted for larceny of a hog. Mills pleaded guilty and Will Powell was tried and convicted. The grounds of his motion for a new trial, besides the usual general grounds, were as follows: 1st. Because the court erred in refusing a written request to charge the jury as follows: "If you should find, from the evidence, that the defendant on trial took part or all of the hog in question, after the same had been taken possession of by any other person and killed, and that Will Powell did not have anything to do with the killing of the hog, then you could not convict him in this case; for you must find that he, with intent to steal the same, did take and carry away the hog described in the indictment, and that the hog was alive." 2d. Because the court erred in charging the jury as follows: "I charge you, however, that if you believe a witness has been impeached, you may disregard his testimony entirely, unless it is corroborated by other evidence." It is alleged that this was error because it left it to the jury's discretion whether they would be-

lieve a witness who had been successfully impeached. 3d. Because the court, in charging the jury, erred in failing to define what an accomplice was.

1. We find, by examination of the charge of the court, that it covers, in substance at least, the matter contained in the written request set out in the motion for a new trial; and therefore the refusal of the request was harmless.

2. There was no error in the charge that if a witness has been impeached, his testimony may be disregarded entirely, unless corroborated by other evidence.

3-4. As there was no evidence that any witness for the State was an accomplice, the court was not bound to give in charge section 1017 of the Penal Code, or to tell the jury what would constitute one an accomplice, even though the defendant contended the witness was an accomplice. *Walker* v. *State,* 118 *Ga.* 34 (44 S. E. 850) ; *Robinson* v. *State,* 84 *Ga.* 674 (11 S. E. 544). The mere fact that a witness is jointly indicted with the defendant on trial does not of itself constitute him an accomplice, nor does the fact that the witness has entered a plea of guilty of the offense charged necessarily make him an accomplice, so as to require corroboration of his testimony. *Hargrove* v. *State,* 125 *Ga.* 270 (54 S. E. 164).

There was sufficient evidence to sustain the verdict.

*Judgment affirmed.*