## 5887.   RIGGINS v. THE STATE.

No material error was committed by the court, and the evidence warranted the verdict.

DECIDED NOVEMBER 17, 1914.

Indictment for misdemeanor; from city court of Blackshear—Judge Mitchell.   June 26, 1914.

*W. B. Gibbs, James R. Thomas,* for plaintiff in error.

*S. F. Memory, solicitor,* contra.

WADE, J.   John Riggins was indicted under section 442 of the Penal Code, which makes it a crime for any person to "be and appear in an intoxicated condition on any public street or highway, or within the curtilage of any private residence not in the exclusive possession of the person or persons so intoxicated," etc.   The indictment charged that the defendant, on a day named, in the year 1914, and in the county of Pierce, "with force and arms, unlawfully did be and appear in an intoxicated condition on a public street and highway, to wit:   Road known as Blackshear and Baxley road, leading from Blackshear to Baxley, and within the curtilage of the private residence of Mrs. Harriet Cason, not in the exclusive possession of the person so intoxicated; said drunkenness and intoxication caused by the excessive use of intoxicating wines, beers, liquors, and opiates, and was manifest by boisterousness, and by indecent condition and acting, and by vulgar, profane, and unbecoming language, and loud and violent discourse."   Evidence for the State showed that the defendant came to the house of Mrs. Harriet Cason in Pierce county, Georgia, in a drunken condition; that he staggered, cursed, "reared," and used not only profane but vulgar language, behaved in a boisterous and indecent manner, and was quarrelsome and generally obnoxious.   It appears that he did this inside of the house, and also just outside of the yard gate and in the lane leading from the house to the public road, about 30 feet from the house; and that the house itself was about 300 yards from the public road leading from Blackshear to Baxley, and known as the Blackshear and Baxley road.   The defendant was convicted, and filed a motion for a new trial, which was overruled, and he thereupon excepted.

Grounds 1, 2, 3, and 4 of the amendment to the motion for a new trial allege error because the court allowed witnesses to testify as to happenings and conduct of the defendant in the house of Mrs.

Cason, notwithstanding it was shown, by undisputed evidence, that the house was not on a public highway as alleged in the indictment. This assignment of error raises, in our opinion, the only serious question in this case. The Penal Code, § 442, makes it an offense for one to appear in an intoxicated condition on a public street or highway, and also makes it an offense to appear in an intoxicated condition within the curtilage of any private residence, not in the exclusive possession of the person so intoxicated. Interpreting the indictment in the light of the code section upon which it is based, it appears to us that the intention of the draftsman thereof was to charge the defendant not only with drunkenness, etc., on a public street and highway, *but also* with drunkenness within the curtilage of the private residence of Mrs. Harriet Cason. We think this is a fair and reasonable construction of the indictment as actually drawn. The indictment charges in a single count the violation of section 442 of the Penal Code in two ways, to wit: drunkenness "on a public street and highway . . known as the Blackshear and Baxley road," etc., *and* drunkenness "within the curtilage of the private residence of Mrs. Harriet Cason," etc. Giving the indictment this construction, the grounds in which it is alleged that the court erred in permitting proof of the defendant's conduct in the house of Mrs. Cason are without merit.

In the 5th ground of the amendment to the motion for a new trial it is insisted that the court erred in not excluding all evidence as to certain boisterous conduct of the defendant, and profane and vulgar language used by him, in the lane leading from Mrs. Cason's residence to the public highway, and in the field immediately adjacent to the residence, as this lane was not within the curtilage of the residence. Without discussing the question as to what the word "curtilage," in section 442 of the Penal Code, is intended to include, or whether this section would be violated by drunken and boisterous conduct occurring outside of the inclosed space of ground and buildings immediately surrounding a dwelling-house, but still near enough to the dwelling-house to be offensive to the inmates and possibly to excite in their minds a lively apprehension of danger, we think this testimony was plainly admissible as tending to illustrate the condition of the defendant at or about the time of his alleged boisterous and drunken behavior inside the house. In other words, it tended to illustrate what must have been his condition as

to sobriety or drunkenness at the time he was ejected from the house, only a few minutes before his utterances in the lane and in the field near the house, and contradicted his statement that he was not drunk.

The 6th ground of the amendment to the motion for a new trial complains that the court failed to instruct the jury that a reasonable doubt might be created in their minds by the defendant's statement at the trial, and thus deprived the jury of the right to consider the statement. The precise question here raised has been repeatedly decided by the Supreme Court and by this court, and it is enough to say that this assignment is without merit, since it appears that the judge elsewhere in his charge fully and correctly instructed the jury on the law as to reasonable doubt and as to the weight and value they might attach to the defendant's statement. It was not necessary to state specifically that a reasonable doubt may grow out of the statement of the accused. *Vaughn* v. *State,* 88 *Ga.* 738 (16 S. E. 64) ; *Walker* v. *State,* 118 *Ga.* 34 (44 S. E. 850) ; *O'Dell* v. *State,* 120 *Ga.* 152 (47 S. E. 577) ; *Early* v. *State,* 14 *Ga. App.* 467 (81 S. E. 385).

*Judgment affirmed. Broyles, J., not presiding.*