HOLLEMAN *v.* THE STATE.

*Frank H. Colley* and *Hugh E. Combs,* for plaintiff in error.

*George M. Napier, attorney-general, M. L. Felts, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.

BECK, P. J.   Fred Holleman was indicted for the offense of murder, it being charged that he did kill and murder John Lee Ruff.   Several eye-witnesses testified to the fact of the shooting which resulted in the homicide.   The jury on the trial, after evidence submitted and the charge of the court, returned a verdict of guilty, without a recommendation.   The defendant made a motion for a new trial, which was overruled, and he excepted.   The original motion in this case contains the usual general grounds.   To these were added, by amendment, other grounds.   The references to the grounds containing the various assignments of error are to those grounds contained in the amendment as they there appear numbered.

■   In the first ground error is assigned upon the following charge of the court: "I charge you that if you believe beyond a reasonable doubt that this defendant, at any time prior to the date of the finding and returning of this bill of indictment into court by the grand jury, did kill the person named in the indictment, in the manner charged, by the use of a weapon as charged, and that the weapon used at the time was a weapon likely to kill, and you should further believe that at the time of the killing this defendant was in no danger whatever from the person killed, that the person killed was not committing any assault upon him whatsoever, that the circumstances were not sufficient to excite the fears of a reasonable man that the deceased either intended or endeavored, or was about to commit a serious personal injury upon the person of the defendant, but the killing was without justification or mitigation, and if you believe all this beyond doubt, then in that event you would be authorized to find the defendant guilty, and the form of your verdict would be: 'We, the jury, find the defendant guilty of murder.'"   This charge was error, in view of the evidence and the contentions of the State and the defendant. That was no contention on the part of the defendant that Ruff was committing or attempting to commit any assault whatever upon the defendant at the time of the killing, or at any time prior

thereto, or that at the time of the shooting the deceased was doing anything or making any threats that would arouse the fears of the defendant that he was in danger of an attack on the part of the deceased, Ruff. On the trial the defendant made a statement, which was as follows: "The first beginning of this, Fred McCrary had some liquor that morning. I says, 'Fred, give me a drink,' and he say, 'No, I ain't going to give you none.' I got me a pint that evening, and he asked me for some of mine, and I says, 'No, you wouldn't give me none of yours,' and he says, 'You are a damn liar,' and I called him another, and he snapped me and jumped on me, and Robert Derricott and Willie Johnson and S. K. Allen pulled Fred McCrary off of me. Fred McCrary slapped his automatic at me, and says, 'If I ever see you again I am going to kill you.' I got my gun and I come back. I was not thinking about shooting anybody; I just got it for my protection. Fred McCrary threw his automatic on me and was snapping it at me, and Fred McCrary grabbed John Lee and put John Lee where he got the load. I am sorry I shot John Lee; me and John Lee Ruff had not had any words, and we had never had any falling out, and I am sorry I shot him, but I was shooting for my own protection. I was seventeen years old at the time." A reasonable construction of this statement means that the deceased was not attempting to do anything whatsoever to the accused, but that Fred McCrary, when the accused met McCrary and Ruff in the afternoon, was attempting to shoot him; that the accused in defense fired at McCrary, who had seized Ruff and pulled him between the defendant and himself, so that as the gun fired the deceased was struck by the shot which was intended for McCrary. Under these circumstances the court should not have instructed the jury so that they would have been authorized under the evidence to find the defendant guilty in the event they found that at the time of the killing "the defendant was in no danger whatsoever from the person killed, that the person killed was not committing any assault upon him whatever, that the circumstances were not sufficient to excite the fears of a reasonable man that the deceased either intended or endeavored, or was about to commit a serious personal injury upon the defendant, but that the killing was without justification or mitigation." The jury might very well have found that all these hypothetical facts were

shown by the evidence, and yet might not have been authorized to return a verdict of guilty, the guilt or innocence of the prisoner depending upon whether or not, if he fired at McCrary, he was or was not justified in so doing. It is true that if John McCrary was not attempting to make a felonious attack upon the defendant or to commit a serious personal injury upon him, and the defendant shot at McCrary and killed Ruff, the jury would have been authorized to find the defendant guilty. In other parts of the charge this principle was brought out. But the charge as given and which is excepted to should have been qualified by reference to the fact which would illustrate the question as to whether or not the accused was justified in firing at McCrary, and the mere addition of the words, "but that the killing was without justification or mitigation," after the long summary of the facts which would authorize the jury to find the defendant guilty, was not sufficient to cure the injurious effect of the charge as given. And there are other portions of the charge, which are excepted to, that are open to criticism upon the same ground.

█ The rulings stated in headnotes 2 to 8, inclusive, require no elaboration.

*Judgment reversed. All the Justices concur, except Gilbert and Hines, JJ., who dissent.*