### 25040. HARRIS *v.* THE STATE.

DECIDED DECEMBER 19, 1935.

*Hugh E. Combs,* for plaintiff in error.

*J. Cecil Davis, solicitor-general,* contra.

MacINTYRE, J. The accused was indicted and convicted of shooting at Ebb Burden.

1. Ground 1 of the amended motion for new trial complained that the court erred in failing, without request, to charge the law of conspiracy against the defendant. The charge as given explained the conditions authorized by the evidence and the defendant's statement under which the defendant had the right to shoot, and he had this right to shoot regardless of whether a conspiracy existed or not.

2. The defendant excepted to the words "unprovoked assault" in the italicized words in the following charge: "Now, I charge

you that the law gives one the right to defend himself as against all unprovoked assaults, all unlawful assaults, and that means he is authorized to use such force as may be reasonably necessary to successfully defend one's self as against such unlawful assault. As to whether or not that principle applies in this case is entirely for you, for you are judges of both the law and the facts in criminal cases. The law you take from the court as given you in charge, the facts you gather from the witnesses who testify and from the defendant's statement, and to the one you apply the other and from that you make your finding. *I charge you, gentlemen, if you believe under the evidence in this case that Mr. Burden made an unprovoked assault upon this defendant, that is, an unlawful assault, then I charge you that the defendant would be authorized to defend himself against such unlawful assault, and would be authorized to use such force as might be reasonably necessary to defend himself against such unprovoked assault.*" The ground of objection is that the words "unprovoked assault" are not the words of the statute and were too broad and tended to confuse the jury. This is not cause for a new trial. We do not think the charge conveyed the idea that provocation simply, unaccompanied by an unlawful act, would justify a person in committing an assault upon another. We think the judge used the words "If Mr. Burden made an unprovoked assault upon the defendant, that is, an unlawful assault, then I charge you," etc. in the sense that if Mr. Burden was the aggressor, or the one who gave the first provocation, that is, an unlawful assault, then I charge you that the defendant would be authorized to use such force as might be reasonably necessary to defend himself against such unprovoked assault.

3. The court having fully and accurately instructed on the law touching the prisoner's statement, a charge "it is entirely a question for you to determine, from the evidence, as to whether or not the defendant did shoot at Mr. Burden and under what circumstances the shooting occurred . ." when considered in its context did not restrict the jury to the testimony and eliminate from their consideration the prisoner's statement. *Vaughn* v. *State,* 88 *Ga.* 731, 738 (16 S. E. 64) ; *Brantley* v. *State,* 133 *Ga.* 264 (5) (65 S. E. 426) ; *Walker* v. *State,* 118 *Ga.* 34 (44 S. E. 850) ; *Malone* v. *State,* 49 *Ga.* 210 (8) ; *Long* v. *State,* 38 *Ga.* 491 (8) ; *Dumas* v. *State,* 63 *Ga.* 601 (8) ; *Barnard* v. *State,* 119 *Ga.* 436

(46 S. E. 644); *Jordan* v. *State,* 130 *Ga.* 407 (5) (60 S. E. 1063); *Tucker* v. *State,* 133 *Ga.* 470 (5) (66 S. E. 250).

4. The evidence authorized the verdict.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*