30193. HARRIS *v.* THE STATE.

DECIDED SEPTEMBER 16, 1943.

*T. J. Lewis,* for plaintiff in error. *John A. Boykin, solicitor-general, Quincy O. Arnold, Durwood T. Pye,* contra.

BROYLES, C. J. The defendant was convicted of the offense of perjury, and his motion for a new trial was denied. Ground 4 of the motion complains of the admission of certain testimony elicited from the solicitor-general. The only objection to the testimony urged at the time of its admission was that it "was a conclusion of the witness." This objection is so vague and general that it was not error for the court to overrule it and admit the testimony. Furthermore, it appears from the record that the testimony was not a mere conclusion of the witness, but was a conclusion based upon facts which authorized the conclusion and therefore the evidence was admissible.

Ground 5 assigns error on the admission of testimony of the solicitor-general explaining why a second indictment was brought for the same offense against the defendant. The only objection made to the trial court was that the testimony was not relevant or material. It appears from the record that the matter of the two indictments and the differences in their allegations was first brought out by counsel for the defendant in his cross-examination of the solicitor-general. The questions on said examination amounted to a criticism of the solicitor-general for obtaining a second indictment

and for changing therein certain allegations appearing in the first indictment. Under the circumstances the court did not err in permitting the witness on his re-examination to give his reasons for procuring·the second indictment and to explain why some of the allegations in the first indictment had been altered in the second indictment.

The evidence complained of in ground 6. tended to show that the defendant had made the written statement (in which the State alleged that he had committed the perjury for which he was on trial) and tended to show his motive for making such statement. All the facts connected with the transaction under investigation are relevant and admissible in evidence, provided that they afford any fair presumption as to the matter in issue (*Keener* v. *State,* 18 *Ga.* 194 (5), 63 Am. D. 269), and especially is this true where such facts tend to show motive and intent.

Ground·7 assigns error on the refusal of the court to direct a verdict for ·the movant at the conclusion of the evidence. Under repeated rulings of the Supreme Court and of this court, the refusal to direct a verdict is never error. Ground 7 also complains of the refusal to·quash the indictment, the motion to quash having been made after all the evidence had been submitted. The motion came too late. It is well settled by numerous decisions of both of our appellate courts that a defective indictment affords no ground for a new·trial. Exceptions which go merely to the form should be made before trial. For matters affecting the real merits, the remedy, after trial, is by motion in arrest of judgment. *White* v. *State,* 93 *Ga.* 47 (19 S. E. 49); *Womble* v. *State,* 107 *Ga.* 666 (33 S. E. 630); *Rucker* v. *State,* 114 *Ga.* 13 (39 S. E. 902); *Stubbs* v. *State,* 1·*Ga. App.* 504 (58 S. E. 236); *Foss* v. *State,* 15 *Ga. App.* 478 (83 S. E. 880); *Jarvis* v. *State,* 69 *Ga. App.* 326 (25 S. E. 2d, 100).

It is true that in the instant case the motion·to quash the indictment (on the ground that no witness appeared before the grand jury when the indictment was considered and returned) was made at the conclusion of the evidence. Conceding that the motion was made in due time, the denial of the motion could not be a ground of a motion for a new trial. It should have been excepted to pendente lite and an assignment of error thereon made in the bill of exceptions. · In *White* v. *State,* supra, the court said: "Exceptions

which go merely to the form of an indictment should be made before the trial; *and even if made and ruled upon then cannot properly be made the basis of a motion for a new trial. Flemister* v. *State,* 81 *Ga.* 768." (Italics ours). This ruling is applicable to the denial of a motion to quash the indictment.

Ground 8 of the motion excepts to the following excerpt from the charge of the court: "I charge you further that the testimony or evidence sworn to must be such testimony which is set out in the bill of indictment which you have before you in this case, and the law further says, gentlemen, that such testimony or evidence, or alleged false testimony, or alleged false evidence, or false swearing, must be material to the issue or point in question, and I charge you further, gentlemen, that testimony or evidence is material where the effect of it is to establish or to disprove the questions which are at issue and which may be under investigation at the time." The exception to the excerpt is that it expressed the opinion of the court as to what had been proved. When the excerpt is considered in the light of the entire charge and the facts of the case, it does not appear that the judge expressed any opinion as to what had been proved or that the jury could possibly have understood that he intended so to do. *Whitsett* v. *State,* 115 *Ga.* 203 (41 S. E. 699) ; *Claybourn* v. *State,* 190 *Ga.* 861 (11 S. E. 2d, 23).

Ground 9 complains of the following excerpt from the charge : "I charge you further that if the State proves any portion of the alleged evidence to have been given which is set out in the indictment and charged as being false and to have been material to the issues of the case on the trial at the time, and the case is otherwise made out under the law which I have given you and will hereafter give you with reference to the essentials of the crime of perjury, if any of the alleged testimony is false, then you would be authorized to convict the defendant of the crime of perjury." The excerpt is excepted to on the ground that it "was ambiguous, confusing and misleading in that it was in direct conflict with the charge in the preceding paragraph where the court instructed the jury 'that testimony or evidence is material where the effect of it is to establish or disprove the questions which are at issue and which may be under investigation at the time.'" The ground further alleged that the charge invaded the province of the jury on the question of fact whether such alleged false testimony was material. The excerpt,

when construed in connection with the facts of the case and the other portions of the charge, fails to show error for any reason assigned. "Sufficient proof of any one of the particular false things material to the case sworn to in the affidavit would authorize the conviction of the defendant in this case." *Hicks* v. *State*, 67 *Ga. App.* 475 (3) (21 S. E. 2d, 113).

The verdict was amply authorized by the evidence, and the denial of a new trial was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*