## WALKER v. THE STATE.

BELL, Chief Justice. 1. The evidence was sufficient to prove the crime of rape and to identify the accused as the perpetrator.

2. The testimony of the sheriff as to a statement made by a physician in the presence of the accused upon examining his person within an hour or two after the time it was claimed that the offense was committed, and expressing an opinion that the accused had "right recently" had sexual intercourse, the witness further testifying, "the defendant did not make a reply to what the doctor said," was not subject to objection on the ground that it was "highly prejudicial to the defendant and was purely hearsay," and was of such nature that it "could only come from an expert or duly qualified physician himself." Code, § 38-409; *Smiley* v. *State*, 156 *Ga.* 60 (118 S. E. 713); *Emmett* v. *State*, 195 Ga. 517 (2), 535 (25 S. E. 2d, 9).

(a) The testimony was admissible as tending to show an implied admission by the accused, through acquiescence or silence; whereas decisions to the effect that a witness will not be permitted to prove the opinion of another are based on the rule against hearsay. The case is therefore unlike *Sullivan* v. *Collier*, 32 *Ga.* 316, and *Wynes* v. *State*, 182 *Ga.* 434 (2) (185 S. E. 711), relied on by the plaintiff in error.

3. The evidence authorized the verdict, and the court did not err in refusing a new trial. As to former appearance of the same case, see 194 *Ga.* 727 (22 S. E. 2d, 462). *Judgment affirmed. All the Justices concur.*

No. 14702. JANUARY 12, 1944.

*R. L. Addleton,* for plaintiff in error.

*T. Grady Head, attorney-general, Charles H. Garrett, solicitor-general,* and *L. C. Groves, assistant attorney-general,* contra.