### PHILLIPS *v.* THE STATE.

HAWKINS, Justice. Drew S. Phillips and Harry T. McClung were jointly indicted for the offense of murder in the alleged shooting and killing of L. M. Barron, in Laurens County, Georgia. On separate trial Drew S. Phillips was convicted of the offense charged, with a recommendation of mercy. His motion for a new trial, containing the general grounds and five special grounds, was overruled, and he excepted. *Held:*

1. Had the State sought to hold the defendant responsible for the homicide only upon the theory of conspiracy by aiding and abetting the other defendant as the actual perpetrator, it would have been incumbent upon the court to charge the jury the law applicable to a conspiracy, as insisted in the first ground of the amended motion for a new trial. *Coleman* v. *State,* 141 *Ga.* 731 (82 S. E. 228); *Fudge* v. *State,* 148 *Ga.* 149 (95 S. E. 980); *Patterson* v. *State,* 199 *Ga.* 773, 775 (35 S. E. 2d, 504). Since, however, the evidence adduced upon the trial and the

statement of the defendant disclosed that he, and not the other defendant named in the indictment, actually shot the person alleged to have been killed, the defendant in his statement seeking to justify the killing upon the grounds of self-defense, it thus appears that, if guilty at all, the defendant is guilty as the actual perpetrator of the crime, and it was not incumbent upon the court to charge the law of conspiracy. 23 C.J.S. 859, § 1287; *Harris* v. *State,* 52 *Ga. App.* 300 (1) (183 S. E. 107).

2. The second ground of the amended motion complains of the failure of the court to instruct the jury as to the law of confessions. In the absence of a timely written request, it is not error for the trial court to fail to charge the jury upon the subject of confessions or incriminatory admissions. *Miles* v. *State,* 182 *Ga.* 75 (2) (185 S. E. 286); *Walker* v. *State,* 118 *Ga.* 34 (3) (44 S. E. 850); *Cantrell* v. *State,* 141 *Ga.* 98 (2) (80 S. E. 649).

3. The third and fourth grounds of the amended motion complain of the admission of certain testimony by two named police officers of the State of Florida as to facts and circumstances surrounding the arrest of the defendants, and the information they had with reference to the robbery by the defendants of a taxicab driver in Florida and the taking of his taxicab in which the defendants were riding at the time of their arrest. Part of the evidence objected to in ground four was excluded by the court. Other questions propounded, to which objections were made, were never answered by the witnesses. The testimony actually admitted was with reference to the information these officers had relative to the robbery of the taxicab driver, in explanation of their reason for being on the lookout for the taxicab and their arrest of the defendants when found in possession thereof, and with reference to a statement made by the joint defendant McClung, which will be dealt with in the following headnote. The testimony of these officers was properly admitted, over the objection that it was hearsay, to explain the conduct and motives of the officers in being on the lookout for the taxicab and of the arrest by them of the defendants when found in possession of the taxicab. Code § 38-302 provides: "When, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence, not as hearsay, but as original evidence." See also *Daniel* v. *State,* 66 *Ga. App.* 59 (17 S. E. 2d, 91); *Brandt* v. *State,* 71 *Ga. App.* 221, 222 (8) (30 S. E. 2d, 652); *Garrett* v. *State,* 157 *Ga.* 817 (122 S. E. 211); *Bryant* v. *State,* 191 *Ga.* 686, 689 (14) (13 S. E. 2d, 820); *Coleman* v. *State,* 127 *Ga.* 282 (56 S. E. 417).

4. The fifth ground of the amended motion complains of the admission in evidence, in the trial of Drew S. Phillips, of the written statement made by the joint defendant Harry T. McClung, wherein certain incriminatory admissions were made by McClung concerning the shooting of the person named in the indictment, and the robbery of the taxicab driver in Florida, and implicating the defendant on trial in the commission of both offenses. To the admission of this written statement counsel for the defendant objected on the grounds: (1) because McClung himself is present in court; (2) because the defend-

ant is charged with comm· ·ng the crime for which he is now on trial, on October 30, and t late of the confession is November 19, which shows that it was mal·· ·fter the enterprise was ended, after the crime had been committed, ·· ·· made by a joint defendant that is not on trial, and is only bindi, against him and not the defendant on trial; (3) because the evidenc·· discloses that it was not made freely and voluntarily, as required by law; and (4) because it puts the character of the defendant in issue, which cannot be done unless he places it there himself, in that the confession sets out other crimes that are alleged to have been committed by McClung and the defendant, and the same is prejudicial and hearsay. C. W. Potterton, Captain of Detectives of the Miami Police Department, testified: "I read this statement that McClung had made; I read it to him in the presence too of Phillips and everybody else in the office, and asked McClung if that was the true story. He said it was. . . I asked Phillips at that time —I said, 'Do you have anything that you want to say about this now?" And he 'said, 'No, I had rather wait till I get up to Dublin and make a statement up there'." *Held:*

(*a*) That the person making the written statement was present in court, did not render the written statement made by him inadmissible. Compare *Southern Railway Co.* v. *Dickson,* 138 *Ga.* 371 (75 S. E. 462); *Candler* v. *Smith,* 50 *Ga. App.* 667, 677 (8) (179 S. E. 395).

(*b*) While Code § 38-414 provides that "The confession of one joint offender or conspirator, made after the enterprise is ended, shall be admissible only against himself," § 38-409 further provides that "Acquiescence or silence, when the circumstances require an answer or denial or other conduct, may amount to an admission." In *Emmett* v. *State,* 195 Ga. 517 (2) (25 S. E. 2d, 9), it is held: "Acquiescence or silence, when the circumstances require an answer or denial or other conduct, may amount to an admission. When a statement tending to incriminate a person is made in his presence and he remains silent, the mere fact that he is under arrest or is in custody at the time will not render evidence of such statement and silence inadmissible as an implied admission." See also *Kalb* v. *State,* 195 *Ga.* 544 (25 S. E. 2d, 24); *Walker* v. *State,* 197 *Ga.* 221 (28 S. E. 2d, 656); *Drumright* v. *State,* 29 *Ga.* 430. The statement of the codefendant, along with the testimony of the officers to whom it was made, to the effect that it was read to him and in the presence of the defendant, who made no denial thereof, was admissible, and the trial court did not err in admitting it over ground two of the objection.

(*c*) While, to render an alleged incriminatory admission or confession admissible, it must be made to affirmatively appear that the inculpatory statement was made voluntarily, and was not induced by another, by the slightest hope of benefit or remotest fear of injury (Code, § 38-411), where, as in this case, the State makes out a prima facie case for the admission of such a statement, it is admissible, and the question of whether the statement was free and voluntary is a question for the jury under all the evidence. The trial court did not err in overruling ground three of the objection. *Adams* v. *State,* 129 *Ga.* 248, 251 (58 S. E. 822); *McLemore* v. *State,* 181 *Ga.* 462 (182 S. E. 618, 102 A.L.R. 634).

(d) Where, as in this case, the evidence tended to show that the defendant on trial shot and killed the deceased in the commission of a robbery, the fact that the statement of the codefendant—which was made in the presence of and not denied by the defendant, and which is held to have been properly admitted in evidence on the theory that it constituted an implied admission on the part of the defendant—showed the commission at a later date of a robbery by the same two defendants of the driver of a taxicab in which they were apprehended, did not render the statement subject to the objection that it placed the defendant's character in evidence, since it tended to illustrate the defendant's state of mind at the time of the homicide, and to corroborate the other evidence tending to show robbery as the motive. The fourth ground of the objection was, therefore, properly overruled. *Emmett* v. *State,* 195 *Ga.* 517 (3) (25 S. E. 2d, 9); *Andrews* v. *State,* 196 *Ga.* 84 (4) (26 S. E. 2d, 263); *Green* v. *State,* 172 *Ga.* 635 (3) (158 S. E. 285).

5. The evidence amply authorized the verdict, and the trial court did not err in overruling the motion for a new trial as amended.

*Judgment affirmed. All the Justices concur, except Wyatt, and Head, JJ., who dissent.*

No. 16888. JANUARY 10, 1950. REHEARING DENIED FEBRUARY 17, 1950.

*R. I. Stephens* and *John B. Spivey,* for plaintiff in error.

*Eugene Cook, Attorney-General, W. W. Larsen, Solicitor-General, J. R. Parham, Assistant Attorney-General, L. F. Watson,* and *E. L. Rowland,* contra.