## 18338. JONES *v.* THE STATE.

WYATT, Justice. 1. The plaintiff in error was convicted of murder without a recommendation to mercy. The jury was authorized to find that the plaintiff in error freely and voluntarily made a confession in which he stated that he and Charlie Lewis King killed the deceased, he beating the deceased on the head with an ax and King with a piece of pipe; that they killed him in order to obtain food from the place of business where the deceased worked and was killed; that, after they killed the deceased, they carried him down to the woods and buried the body; that the confession was corroborated by the facts that an ax was found in the place of business where the deceased was killed, with blood on it; that a piece of iron pipe was found in the place; that the body was wrapped in a blanket in the manner in which the defendant had stated they wrapped it; that on the person of King when he was arrested was found a pocketbook belonging to the deceased and sales slips from the place of business where the deceased was killed. This being true, it follows, of course, there is no merit in the general grounds of the motion for new trial.

2. The first special ground complains because of the admission, over

timely objection, of the confession of an alleged joint defendant or conspirator. There is no merit in this ground for the reason that the statement of the joint defendant was made in the presence of the plaintiff in error and corroborated the statement he himself had made. See *Gunter* v. *State*, 19 *Ga. App.* 772 (92 S. E. 314).

3. The second special ground complains because of the admission in evidence of an ax. There had been evidence to the effect that the plaintiff in error had admitted striking the deceased with an ax; that the ax offered in evidence was found in the place of business where the deceased was killed shortly after the crime was committed; and that there was blood on the ax. It was clearly not error to admit the ax in evidence.

4. The third special ground complains because the trial judge charged the jury the law of conspiracy. Since we have ruled that there was an admissible confession, and since the evidence disclosed that the plaintiff in error and King had planned the night before the crime was committed to go to the place of business of the deceased and request credit, and if they were refused, to "get food," it follows there was no error in charging the law of conspiracy.

5. The fourth special ground complains because of the admission in evidence of a piece of iron pipe. This was not error, for the reason that the plaintiff in error had stated that King struck the deceased with a piece of iron pipe, and the piece of iron pipe offered in evidence was found in the place of business, where the deceased was alleged to have been killed, shortly after he had been killed.

6. Special ground five complains because of the admission in evidence of a pocketbook and sales slips found on the person of King at the time of his arrest. The trial judge first ruled these items inadmissible. Then, at the request of the solicitor-general, the judge sent the jury from the room, and after further evidence concerning these items, the trial judge reversed his ruling and admitted the items in evidence. It was not error to exclude the jury from the room while the trial judge was determining the admissibility of these items. On the contrary, it was an act of fairness to the plaintiff in error. Under the testimony produced in the presence of the jury, these items had been identified, in so far as the pocketbook was concerned, as being the property of the deceased, and the sales slips as having been removed from the place of business of the deceased sometime near the time the crime was alleged to have been committed. These items were found in the possession of the person jointly accused with the plaintiff in error, and the person who he had admitted participated with him in the commission of the crime. Clearly these items were admissible.

7. Special ground six complains because the trial judge, without request, failed to charge the law of circumstantial evidence. This court has repeatedly held that it is not error to fail to charge the law of circumstantial evidence, under the circumstances here involved, if there is any direct evidence. This court has also repeatedly held that evidence of a confession is direct evidence. It follows, there is no merit in this ground. See *Powell* v. *State*, 193 *Ga.* 398 (18 S. E. 2d 678); *Booth* v.

*State,* 198 *Ga.* 648 (32 S. E. 2d 303); `Downs` v. *State,* 208 *Ga.* 619 (68 S. E. 2d 568); and *Gentry* v. *State,* 208 *Ga.* 370 (66 S. E. 2d 913).

8. From what has been said above, no error appears.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 15, 1953—DECIDED OCTOBER 13, 1953.

A. T. *Walden,* Frank A. *Bowers,* for plaintiff in error.

John J. *Flynt, Jr.,* Solicitor-General, Eugene *Cook,* Attorney-General, Rubye G. *Jackson,* contra.