20900. CREEL v. THE STATE.

HAWKINS, Justice. Katie Ann Creel, a white girl 17 years of age, was jointly indicted with William L. Johnson, in Chatham Superior Court, for the murder of Joel Ross, a Negro boy, also 17 years of age. She was tried separately. The jury returned a verdict of guilty with a recommendation of mercy, and the defendant was sentenced to life imprisonment. To the judgment denying her motion for a new trial, containing the usual general grounds and four special grounds, she excepts. *Held:*

1. The evidence introduced on the trial of the case, together

with the statement made by the defendant to an officer, which was reduced to writing and signed by her, shows that she and William L. Johnson were riding around the City of Savannah in the automobile of the latter, stopping at several places named by her, between 9:30 p.m. on Friday, July 3, 1959, and the time of the shooting at about 12:30 a.m. Saturday, July 4, 1959, during which time the defendant consumed 4 cans of beer and 8 Benzedrine tablets. In her written statement the defendant said: "We left the Pleasure Bar and about 12:30 a.m.; we were driving out Jefferson Street going towards Jones Street; we turned on Charlton Street towards Whitaker when I saw the boy walking through the park and I thought he was a dark complexioned white boy named Frank that had beaten me up about a week ago, and I said I wanted to shoot him. Billie [referring to Johnson, the person jointly indicted] had a pistol in the car and he drove around the square and back to Jefferson Street, and I got the gun and Billie told me how to cock it by pulling back the hammer, and as we got near the boy I thought was Frank I shot at him one time. He screamed and we drove away. . . I unloaded the pistol and threw away the empty shell and put the five bullets in my pocket book." The evidence discloses that she later turned these five cartridges over to the officer; that the gun with which she did the shooting was found where the joint defendant had thrown it; that the test bullet fired from the gun by the State's witness matched the bullet taken from the body of the deceased, who died from a bullet wound, and whose body was found at the place where the defendant said the shooting was done. The evidence amply authorized the verdict, and the general grounds of the motion for a new trial were properly overruled. *Austin v. State,* 110 Ga. 748 (36 S. E. 52, 78 Am. St. Rep. 134); *Daniels v. State,* 162 Ga. 366 (2b) (133 S. E. 866); *Hamilton v. State,* 129 Ga. 747 (2) (59 S. E. 803); *Holleman v. State,* 171 Ga. 200 (4) (154 S. E. 906).

2. In the first special ground of the motion for a new trial, it is alleged that, while Officer Hallman was testifying with reference to a photograph of the place where the pistol used by the defendant was found after the homicide, and identifying the persons shown in the photograph as another officer and the jointly indicted defendant Johnson, he was permitted

to testify that "They are parting and holding back the bushes to show the weed-grown area on the eastern side of Randolph Street," over the objection that the defendant on trial "was not present at the time, therefore any statements that were made not in her presence are hearsay"; and in the second special ground error is assigned on the admission of the testimony of this same officer that "I would say it would be impossible for anyone just walking by the area to have discovered the pistol," over the objection that "said testimony was irrelevant and was hearsay." Both of the grounds are clearly without merit. The testimony objected to was not hearsay, and referred to no statements made by anyone out of the presence of the defendant. It was certainly not irrelevant to show the place where the pistol which killed the deceased was hidden by the person jointly indicted with the defendant, and, after having shown a photograph of that place, for the witness to express the opinion that it would be impossible for anyone just walking by the area to have discovered the pistol.

3. The 3rd special ground of the motion assigns error on the admission in evidence of that portion of the statement made by Johnson, the person jointly indicted with the defendant, that "I was present and heard the statement made earlier by Katie Ann Creel about the shooting of the colored boy at Charlton and Jefferson Street. What she said at that time is the truth about the shooting," which statement is shown to have been made by this person in the presence of the defendant. The objection urged was that Johnson was in court and was available as a witness, and his testimony would be the highest and best evidence; that the statements made about a person in custody, even in his presence, do not have to be affirmed or denied, and such evidence cannot be offered as an admission by silence; that whatever statement Johnson made to the officer would not be binding or admissible against the defendant. *Held:*

(a) That the person making a written statement is in court does not render the written statement made by him inadmissible. *Phillips v. State,* 206 Ga. 418, 420 (4a) (57 S. E. 2d 555).

(b) While Code § 38-414 provides that "The confession of one joint offender or conspirator, made after the enterprise is

ended, shall be admissible only against himself," § 38-409 further provides that "Acquiescence or silence, when the circumstances require an answer or denial or other conduct, may amount to an admission." In *Emmett v. State,* 195 Ga. 517 (2) (25 S. E. 2d 9), it is held: "Acquiescence or silence, when the circumstances require an answer or denial or other conduct, may amount to an admission. When a statement tending to incriminate a person is made in his presence and he remains silent, the mere fact that he is under arrest or is in custody at the time will not render evidence of such statement and silence inadmissible as an implied admission." See also *Kalb v. State,* 195 Ga. 544 (25 S. E. 2d 24); *Walker v. State,* 197 Ga. 221 (28 S. E. 2d 656); *Drumright v. State,* 29 Ga. 430; *Phillips v. State,* 206 Ga. 418 (4b) supra.

(c) The admission in evidence of this statement by the joint defendant, made in the presence of the plaintiff in error, which corroborated the statement she herself had made, was not error. *Jones v. State,* 210 Ga. 94 (2) (78 S. E. 2d 18).

4. Special ground 4 excepts to the refusal to give a written request to charge the law of accident as embraced in Code § 26-404 and the definition of accident in Code § 102-103. In her statement to the jury the defendant said: "I had been out to the Dixi-Lan Drive-In with Billie, and he had this gun in the glove compartment of his car; he took it out there and showed me how to shoot it and he put it back. Later on when we were driving down the street, I got the gun and shot one time; I don't know whether I hit anybody or not. I didn't mean to; it was an accident. I was going south on Jefferson and the boy that was killed was going south. When I got the gun out of the glove compartment of the car, I shot it once; I don't know how the bullet could have hit the boy; it's almost impossible. I don't think an expert could have hit him, not like that." Having thus admitted that she was at the time engaged in the unlawful act of wilfully and wantonly firing a loaded pistol between dark and daylight on a public highway, not on her own premises, or in defense of person or property, in violation of Code § 26-7301, and from which the homicide resulted, the defense of accidental homicide was not involved, and the trial judge did not err in refusing to give the written request to charge. *Griffin v.*

*State,* 183 Ga. 775, 783 (190 S. E. 2); *Solesbee v. State,* 204 Ga. 16 (3) (48 S. E. 2d 834).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 13, 1960—DECIDED JULY 7, 1960—
REHEARING JULY 19, 1960.

*Allyn M. Wallace, Aaron Kravitch,* for plaintiff in error.

*Andrew J. Ryan, Jr., Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson, Assistant Attorney-General,* contra.

ON MOTION FOR REHEARING.

In the motion for rehearing it is contended that this court overlooked "special ground four" of the motion for a new trial, and the contention of the defendant therein that the admission in evidence of the statement of the codefendant therein referred to "was in violation of the defendant's constitutional rights, in that she was not confronted with the witness." No such question was mentioned in "special ground four." That ground assigned error on the refusal of the court to give in charge a written request, and is disposed of in the fourth division of the opinion. The defendant attempted to raise in special ground three the question now presented, and it was not overlooked. The 3rd division of the opinion deals with all questions properly made therein. By reference to the record it will be seen that this ground fails to disclose that the objection now urged was made at the proper time before the trial judge, and therefore it cannot be considered by this court. *Lankford v. Holton,* 187 Ga. 94, 100 (8) (200 S. E. 243), and cases there cited.

*Motion for rehearing denied.*