### 32803. LOONEY v. THE STATE.

NICHOLS, Chief Justice.

The appellant appeals on the general grounds and seven other enumerations of error in this murder conviction and life sentence. Since no reversible error was shown, the conviction must be affirmed.

1. This is a companion case to *Sullens v. State,* 239 Ga. 766 (238 SE2d 864) (1977) and *Burnett v. State,* 240 Ga. 681 (1978).

The evidence is undisputed that appellant was present when the deceased was murdered, that his pistol was the murder weapon, that he was the driver of the car used in the murder, that he tried to cover up the crime, that he lied to the police when he was first interrogated several days after the crime, and that he left out material facts in a written statement he later gave to the police.

The only material fact in dispute was the question of who pulled the trigger. Appellant claimed under oath and in his statement that Billy Joe Burnett did the actual killing. Appellant's brother-in-law, Sullens, who threw the murder weapon into Lake Lanier, claimed that Billy Joe Burnett shot the deceased. Billy Joe's parents and sister and brother said, however, that the appellant came to their home shortly after the slaying, along with appellant's wife, their two-year-old child, his brother-in-law, and Billy Joe Burnett and bragged that "You're going to have to get you another wood cutter . . . I killed the old man a while ago."

The evidence against the appellant was overwhelming. By his own testimony alone, there was ample evidence upon which the jury could return a guilty verdict. There is no merit in the enumeration of error dealing with the general grounds.

2. Appellant alleges error because the trial court excluded hearsay testimony of two witnesses, Christy and Thomas, that Billy Joe Burnett, and not the appellant, claimed to have done the actual killing, giving three reasons: to impeach the testimony of the Burnetts, as testimony in its own right and as admissions by a co-conspirator during the concealment phase of the enterprise.

The transcript is clear that neither witness was present when appellant discussed the killing with the Burnetts. Thus, their testimony could disprove none of the facts to which the Burnetts testified. The trial court properly excluded this testimony.

Appellant relies on the rationale of *Jones v. State*, 210 Ga. 94 (2) (78 SE2d 18) (1953), in contending the testimony of Thomas and Christy should have been permitted in its own right. Appellant misconstrues that

case which differs considerably to the facts in this case. In *Jones* the state was allowed to admit the statement of the co-defendant which was made in the presence of Jones and corroborated the statement given by Jones. Jones had freely and voluntarily made a confession in which he said he and King killed the victim. This court's unanimous decision in *Jones* said "The first special ground complains because of the admission, over timely objection, of the confession of an alleged joint defendant or conspirator. There is no merit in this ground for the reason that the statement of the joint defendant was made in the presence of the plaintiff in error and corroborated the statement he himself made."

In the case sub judice, there was no attempt to introduce a confession by Billy Joe Burnett; there was only an attempt made to shift the blame by the introduction of the hearsay testimony of third parties that at sometime (it is not clear from the record as to the exact time) Billy Joe Burnett had claimed to have pulled the trigger. The trial court properly excluded the testimony as hearsay on this ground.

Finally, appellant contends that the alleged admission by Billy Joe Burnett made to witnesses Thomas and Christy should have been allowed as admission of a co-conspirator during the concealment phase of the crime.

Following the jury's verdict, appellant was allowed to perfect the record by stating what testimony he had hoped to elicit. At that time he stated that the statement made to Christy would constitute part of the res gestae. He abandons this position in his enumerations of error. There was no point in time established in the record when this statement was purportedly made; thus, there is no merit in this contention.

3. In the fifth enumeration of error, the appellant contends that he was denied the right to cross examine his wife who had not been called as a witness by the state, although her name was listed on the indictment. The state had interviewed her, and she apparently was sworn in at the beginning of the trial.

When the court sustained the state's objection to the appellant's calling his wife for the purpose of cross examination, the appellant called her as his own

witness. Her testimony was favorable to the appellant.

It is the practice in the Northeastern Judicial Circuit to swear en masse witnesses who are available before testimony begins. The appellant and the two other defendants were jointly charged in a single indictment for murder. The state, as required, listed all witnesses on the back of the indictment. The name of Cathy Looney, appellant's wife, was so listed.

Sometime after they were indicted, the defendants were granted severance and were tried separately.

After the jury was sworn in appellant's case, all witnesses were asked to hold up their hands and be sworn. The transcript identifies only two of the witnesses by name, who were defense witnesses, and a third described only as "this young lady in the yellow . . ." who was claimed as a witness by the defense.

Thus, the transcript is not clear as to the swearing in of Cathy Looney, although she said she had been sworn when she finally took the stand as appellant's own witness. Assuming that she had been sworn in, the record is clear that she was never called by the state.

Appellant gives as authority his right to cross examine his wife as stated in *Aiken v. Cato,* 23 Ga. 154 (1857); *Lunday v. Thomas,* 26 Ga. 537 (1858); and *Ledford v. State,* 89 Ga. App. 683 (80 SE2d 828) (1954).

A reading of those cases beyond the headnotes shows that in each of them the witnesses had been called, sworn and examined.

In *Jacobs v. State,* 137 Ga. App. 592 (3) (224 SE2d 462) (1976), it was held that it is not error by the state to fail to call a witness it has listed. The trial court properly sustained the state's objection to the defense's calling Cathy Looney to the stand for the purpose of cross examination. There is no merit in this enumeration of error.

4. Appellant also alleges error in admitting purported hearsay evidence during the testimony of Billy Joe Burnett's mother, in allowing the state to introduce ten photographs of the deceased, in allowing the dispersal of the jury, in permitting the state to impeach appellant's wife, in charging both felony and malicious murder, and in giving an incorrect charge on circumstantial evidence.

We have carefully studied the transcript, record and brief filed by the appellant. We find no merit in these contentions.

*Judgment affirmed. All the Justices concur.*

Argued October 12, 1977 — Decided January 24, 1978 — Rehearing denied February 8, 1978.

*Edward L. Hartness,* for appellant.

*Jeff C. Wayne, District Attorney, Roland H. Stroberg, Assistant District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler, Assistant Attorney General,* for appellee.